No. 25,108.

VERTIE J. WOULFE et al., *Appellants*, v. THE ARKANSAS VALLEY
INTERURBAN RAILWAY COMPANY, *Appellee*.

### SYLLABUS BY THE COURT.

1. DAMAGES—*Fire—No Negligence Shown*. In an action for damages caused
   by fire, in which it is alleged that defendant was negligent, after it dis-
   covered the fire on its premises, in not using due care in controlling the
   fire, in consequence of which it spread to the premises of plaintiff, the record
   is examined and *held*, that no negligence on the part of defendant is shown.

2. SAME—*Jurors No Right to Disregard the Only Material Evidence*. Jurors
   have no right to disregard the only evidence upon a material question in
   controversy and to return a verdict in direct opposition thereto.

Appeal from Harvey district court; WILLIAM G. FAIRCHILD, judge. Opinion
filed March 8, 1924. Affirmed.

*B. H. Turner*, and *J. G. Somers*, both of Newton, for the appellants.

*Chester I. Long, J. D. Houston, Austin M. Cowan, Claude I. Depew, James
G. Norton*, and *W. E. Stanley*, all of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages caused by a fire. It
was tried to a jury, which returned answers to special questions,
and a general verdict for plaintiff. The court sustained defendant's
motion for judgment upon the evidence and special findings, not-
withstanding the general verdict, and the plaintiff has appealed.

The plaintiff owns and lives upon a 160 acre farm near the south-
west limits of Newton. The residence is near the north line of the
farm, about midway east and west. The interurban railroad line
passes through the farm, entering it on the north line, about 80 rods
from the northeast corner, runs directly south a little more than a
quarter of a mile, circles around a creek, where there is a station
known as Sand Creek Station, and then runs directly west. The
railroad is operated by electricity—no steam or gas engine is used—
and the right of way is 80 feet wide and fenced on both sides. The
farm was well fenced, there were cross fences dividing the forty acre
tracts, and there were fenced stock yards and corrals. Part of the
fence was of woven hog wire, with two or more barbed wires above,
and part of it three or four wire fence, and was all kept in good
condition. At the time in question a part of the land near the

right of way was in oats, part in wheat; there was some alfalfa and some native meadow. The wheat and oats had been cut and were in the shock.

Soon after noon, August 12, 1919, the plaintiff from her house noticed smoke near the railroad line on the southeast forty of her land. She went up stairs, where she could get a better view from the window, and could see the fire on defendant's right of way, east of the track, about three trolley poles (they were 140 feet apart) south of the fence dividing the northeast and southeast forties. She could see some men standing watching the fire and others throwing dirt on it with shovels. She went downstairs and about her work. In fifteen or twenty minutes she looked again. The fire was burning further south, still in defendant's right of way east and south of the track; some men were throwing dirt on the fire with shovels. There was a strong wind from the south, or southwest. Soon she noticed more smoke and saw that the fire was across the track on the north or west side. She sent her daughter for a threshing crew, a half mile away, to come to help. She and another daughter went to help. There was fire along the fence between the southeast and southwest forties and at other places north and west of defendant's right of way. The fire burned most of plaintiff's oats, some of her wheat, alfalfa, and prairie hay, and destroyed or damaged much of her fence before it was put out.

There is no evidence as to how the fire originated. Defendant's section foreman, when he put his men to work after noon that day, had some of them working on the ballast on the track, and went south and west with two of them to start them trimming hedge. He was not burning the right of way, did not instruct any of his men to do so, and there is no evidence that any of defendant's employees started the fire, or had any fire for cooking or any other purpose. The foreman testified that when he came back toward the men working on the track, about 100 feet from where they were working, he saw the fire, burning in the grass on the right of way. It had then burned a patch about fifteen feet across. He called his men and he and they went to fighting the fire. The Santa Fe railroad is near there on the east. The section men from the Santa Fe came over and helped. The wind was so strong the fire was difficult to control; finally a gust of wind blew it across the track. The threshing crew, passers-by along the road, and the fire department

from Newton came to help. All worked until the fire was extinguished. This was not accomplished until the damage was done of which plaintiff complains.

In this action the plaintiff does not charge the defendant, its agents or employees with having started the fire, but does charge negligence of the defendant in two particulars: First, ". . . in suffering and permitting dry weeds, grass and other inflammable materials to be and stand upon its right of way, thereby creating a liability for the spread of fire from its said right of way to the adjacent property;" second, ". . . in that its agents and employees, being present and upon the ground when said fire was started . . . and seeing said fire burning in ample time to prevent its spreading . . . did not exert themselves with sufficient force and did not use all the means at their command to extinguish said fire." The jury returned answers to special questions as follows:

"1. If you find for the plaintiffs, state what act or acts of negligence you find the defendant was guilty of? A. Foreman being absent from his men.

"2. Was the track foreman present and in charge of workmen under him at the time of said fire? A. No.

"3. Did the Interurban railway section men have said fire under their control at any time after same was started? A. Yes.

"4. Did any of the section men start any fires after the original fire was started? A. Yes.

"5. Did the track foreman and the men under him exercise ordinary diligence in extinguishing said fire after it had started? A. No."

The defendant filed a motion to set aside the answers to special questions Nos. 3, 4 and 5. There was no evidence to support the answer to question No. 3. One witness testified that he saw some of the men in fighting the fire put out for a short distance a back fire. If that is what is referred to in the answer to No. 4 there was evidence to sustain it, but there is no intimation from the evidence that this back fire was not under perfect control or that it got away from the men or that it was an improper way to fight the fire and, hence, the answer to this question, even if it stood, creates no liability against the defendant. The answer to No. 5 should have been set aside for the reason that there was no evidence to sustain it, and the evidence was overwhelming and abundant the other way. Not only did the track foreman and the men under him do all they could to put out the fire, but many other persons came and assisted and all worked together until the fire was finally put

Woulfe v. Interurban Railway Co.

out. The court, however, did not pass upon this motion directly, but did sustain the motion of defendant for judgment on the evidence and special findings, notwithstanding the general verdict. In answer to the first special question the jury found that the negligence of defendant was in the foreman being absent from his men. This was not a negligence charged and relied upon by plaintiff and could not support the general verdict in favor of plaintiff.

Appellants argue this case as though the fire was started by the section men attempting to burn the right of way. This was not charged in the petition, there is no evidence in the record to support it, and the only evidence upon the question is directly to the contrary; hence, the argument is unsound. But appellants argue that the evidence on this point was furnished by defendant's track foreman, and that the jury did not have to believe him unless they wanted to do so. Even if that be conceded, the jury had no right to disregard the only competent evidence upon a material question and render a verdict directly opposite thereto, and without any evidence to support it.

The "Abstract of Record" filed by appellants in this court includes a complete transcript of the testimony by questions and answers; it contains no assignment of errors, and in other respects so violates the rules of this court that we would be justified in striking it from the files or dismissing the appeal; but because the record discloses that plaintiff sustained substantial damage through no fault of her own, we have carefully examined the record throughout, and fully considered all of the arguments made in her behalf to ascertain something that shows negligence or liability on the part of the defendant. The record shows the defendant to be as free from negligence as was the plaintiff. Hence, the judgment of the court below must be affirmed.