No. 33,458

JOHN B. POTTS, *Appellant,* v. JACK McDONALD, Administrator of the Estate of John B. Potts, Deceased; W. G. FINK, Administrator of the Estate of Mary Alice Potts, Deceased, et al., *Appellees.*

(69 P. 2d 685)

Opinion filed July 10, 1937.

*J. Q. Wycoff,* of Garnett, *Otis S. Allen* and *George S. Allen,* both of Topeka, for the appellant.

*W. H. Edmundson* and *J. L. Stryker,* both of Fredonia, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This was an action for the specific performance of an oral contract made in September, 1923, by the plaintiff, who was then a minor about fifteen years of age, with the knowledge of his father, with his uncle, John B. Potts, now deceased, by the

terms of which agreement the uncle promised and agreed that if the plaintiff, his nephew, would come and live with him each fall and winter while the uncle lived, and keep him company, help him with the farm work in general and take the place of a son toward the uncle, in consideration thereof he, the uncle, would treat the plaintiff as a son and upon the uncle's death would leave a will devising and bequeathing to the plaintiff one-half interest in all his property, both real and personal, which he owned at the time of his death.

The petition alleged such contract and further alleged that the plaintiff faithfully performed his part of the agreement, but that upon the death of the uncle, which occurred on December 29, 1933, no will was found. It further alleged that at the time of the death of the uncle he was the owner of considerable land in Wilson county, Kansas, and livestock and other personal property of considerable value, and was not indebted; that he was a married man and lived with his wife on one of the farms he owned, that they had no children and that his wife died intestate in less than two months after the death of the uncle, leaving brothers and sisters. These brothers and sisters and the administrators of the two separate estates are the defendants in this case, and the plaintiff prayed that he be adjudged and decreed to be the owner of an undivided one-half interest in and to all the property, real and personal, belonging to the uncle at the time of his decease. To this petition the several defendants filed a general denial, and a trial was had before the judge of the district court, who made findings of fact and conclusions of law. The findings and conclusions which are especially involved in this appeal are findings 7 and 8 and conclusions 1 and 2, which are as follows:

FINDINGS OF FACT

"7. That the evidence offered by plaintiff is insufficient to establish clearly and convincingly an oral contract or any other agreement between John B. Potts, deceased, and the plaintiff or anyone for him, by which John B. Potts was to leave his property or a portion thereof to the plaintiff.

"8. That the evidence offered by plaintiff is insufficient to establish the fact that the plaintiff complied with the terms alleged in said contract in the petition or that he performed the services as therein alleged."

CONCLUSIONS OF LAW

"1. That the plaintiff is not entitled to recover in this action and has no right, title or interest in or to the estate of John B. Potts, deceased, and that he should take nothing by this action.

"2. That the defendants should recover their costs from the plaintiff in this action, for which judgment should be rendered."

A motion for a new trial was filed by the plaintiff, the matters involved were fully discussed and considered and the trial court expressed its opinion as to such matters and gave its reasons for finding and concluding as it did. After the motion for a new trial was overruled the plaintiff served notice of appeal.

The appellant strongly urges the point that there was ample and sufficient evidence introduced by the plaintiff on both points, the making of the oral contract alleged and the faithful performance thereof by the plaintiff, which was practically uncontradicted, to fully justify and require a finding on both points in favor of the plaintiff. Of course, the plaintiff himself could not, under the rule, testify as to the making of the contract or as to the terms thereof, but he did testify properly as to his performance or what he did after the time the contract was claimed to have been made. The father of the plaintiff was the only witness as to the conversation in 1923, which is claimed to constitute the oral agreement between the plaintiff and his uncle. There could be no contradictory evidence to that conversation when just the three were present and one of them is now deceased and the plaintiff disqualified. There was other evidence by neighbors who said they heard the uncle say he intended to give all of his property to the plaintiff and that he had written a will for that purpose. The father of the plaintiff also testified to a conversation with the deceased uncle a year later which briefly referred to the agreement and his plans with and for the plaintiff.

There was also evidence offered as to something the widow of the uncle said to the plaintiff and his father after the funeral of the uncle about fulfilling the contract theretofore made. An objection was sustained to such offer from one witness, but another witness from a different standpoint recited substantially the same matter as that theretofore offered and rejected.

The evidence of the defendant was limited necessarily to circumstantial matters as to the first point, and contradictory evidence as to the second point about the performance by the plaintiff. Contradictory evidence as to the second point may possibly have had something to do with the credit given to the testimony of the same witnesses who testified as to the first point, the making of such a contract. Appellant insists that there was not only sufficient evidence to justify different findings as to both these points, but that the trial court arbitrarily ignored and disregarded the uncon-

tradicted evidence of the witnesses, especially as to the first point, and that this court, in reviewing such alleged errors of the trial court, should consider whether or not the findings were supported by any evidence, and if not the finding should not stand, citing *J. R. Watkins Co. v. Waldo*, 117 Kan. 250, 230 Pac. 1051, where it was held:

"A finding of a trial court, which is not based upon any substantial evidence, is insufficient to support a judgment." (Syl. ¶ 3.)

Appellant cites in the same connection *Sundgren v. Stevens*, 86 Kan. 154, 119 Pac. 322, where it was held:

"While the jury are the exclusive judges of the credibility of the witnesses they are not authorized arbitrarily or from partiality or caprice to disregard uncontradicted and unimpeached testimony or facts shown beyond question both by testimony and by admission." (Syl. ¶ 2.)

Counsel for appellant are fair and frank enough to cite in this connection the holding of this court in *State, ex rel., v. Woods*, 102 Kan. 499, 170 Pac. 986, which was as follows:

"A jury is not warranted in arbitrarily or capriciously rejecting the testimony of a witness, but neither are they required to accept and give effect to testimony which they find to be unreliable, although it may be uncontradicted." (Syl. ¶ 2.)

Appellant cites many cases where this court has held that findings may be reviewed and set aside on appeal where there is no substantial testimony to support them—among them, *Klopp v. Moore*, 6 Kan. 27; *Bartels v. School District*, 89 Kan. 233, 131 Pac. 579; and *Taylor v. Holyfield*, 104 Kan. 587, 180 Pac. 208. The last case shows the difference in setting aside an affirmative finding and a negative one. It is quite common on review to set aside an affirmative finding because the record shows there was insufficient evidence to support it, which is widely different from setting aside a negative finding to the effect that the evidence did not prove or establish the allegations of the petition. Whenever there was any evidence in support of the allegations, the trial court in holding it was insufficient, may have so held because of the limited quantity of it, or because of its questionable weight and the credibility of it. The difference is readily observed in reviewing a ruling on a demurrer to plaintiff's evidence. There everything must be considered in plaintiff's favor. No discount can be made as to the veracity of the witnesses, and the only question there is whether or not it is sufficient, giving it full credit in every way. That is just what the trial

court did in this case at the close of the evidence of the plaintiff when it was asked by the defendants to sustain a demurrer to that evidence. It then gave it full and unquestioned credit in every way and overruled the demurrer because there was then sufficient evidence to support plaintiff's allegations—no discount or question of weight or credit was allowed to be made at that time. But it may be different after the evidence on the other side is heard, even if there may have been some portion of the testimony not specifically contradicted. That uncontradicted portion would seldom cover the entire ground necessary for plaintiff to make his case. In *Taylor v. Holyfield,* supra, as cited by the appellant, it was said:

"An oral contract to the effect that a young man should work and care for an older man and his wife during the lives of the latter, and that he should be treated by them as a child and be given a certain share of their property at their death, is held to have been established by sufficient proof and, it being shown that there was performance of the contract by the young man, and that it was neither unreasonable nor inequitable, it is enforceable." (Syl. ¶ 1.)

The cases of *K. C., Ft. S. & G. Rld. Co. v. Lane,* 33 Kan. 702, 7 Pac. 587, and *Mo. Pac. Rly. Co. v. Pierce,* 39 Kan. 391, 18 Pac. 305, are cited by appellant to show the well-recognized rule of difference between positive and negative testimony; the former is of course the stronger and entitled to greater weight, but nowhere is it said that it is necessarily or always controlling or superior.

Another case cited by appellant is *Bartels v. School District,* supra, in which it is said in the opinion that a court of review may examine the evidence independent of the prior adjudication of the trial court where all of the evidence as to the controverted points is in writing, and findings may be reviewed and set aside on appeal where there is no substantial evidence to support them.

Appellant takes exception to the language of the findings where the trial court found that "the evidence offered by the plaintiff is insufficient." Perhaps it would have been preferable without the limitation, especially after having overruled the demurrer to plaintiff's evidence, but no one was or could have been misled by that particular phraseology, and appellant does not so claim.

Another error assigned was the exclusion of one certain piece of evidence as to something that was said by the widow of John B. Potts, the alleged promisor, after his death. Without deciding whether this exclusion was error or not, the statement of the widow on this same subject was later given by the plaintiff himself and the part excluded would at most be corroborative.

Of course the burden of proof was upon the plaintiff and the effect of the findings is that the plaintiff did not sustain that burden.

In the case of *Bowen v. Galloway*, 125 Kan. 568, 264 Pac. 1038, there was disputed evidence as to the contract as well as to the performance of a contract like that alleged in the case at bar, and among other things decided in the case it was held:

"To enforce such a contract it must appear that it is definite in its terms and purposes, established by clear evidence that causes a convincing implication that it was actually made, and is such as to satisfy the court of its terms and performance and that there is no inequity in it." ( Syl. ¶ 2.)

In that case the finding of the trial court that the evidence was insufficient to support the claim of the plaintiff was affirmed.

It was held in *Brown v. Slusser*, 130 Kan. 834, 288 Pac. 743, that—

"Where one relies upon an oral contract with a deceased owner of the record title to real estate, whereby a conveyance of such title was promised as a gift or compensation for services rendered, there must be some clear and satisfactory proof of the making of such contract and of the primary facts constituting the same. Testimony of witnesses who heard the deceased owner say such was his intention and purpose, or that he was going to do so, is not of the character necessary to establish the making of the contract or the terms thereof, but is merely corroborative thereof." (Syl.)

The corroborating evidence of witnesses who in conversation with the owner heard him refer to having made a contract is proper for consideration, but in the case last above cited and in *Rayl v. Central Trust Co.*, 127 Kan. 131, 272 Pac. 147, such evidence is considered as of rather limited force and effect. Substantially all the corroborating evidence on the first point in the case at bar was of this casual or incidental conversational kind.

Even if the evidence on the first point was uncontradicted, it did not compel a favorable finding as it would under a demurrer to the evidence, for there may have been good reasons as it appeared to the trial court to give it less weight and credibility than might have been given under different circumstances. In the case of *Jevons v. Railroad Co.*, 70 Kan. 491, 78 Pac. 817, it was held that—

"Oral evidence in support of an affirmative defense, even if not contradicted, will not authorize a trial court peremptorily to direct a verdict for the defendant." (Syl. ¶ 2.)

In the case of *Cobe v. Coughlin*, 83 Kan. 522, 112 Pac. 115, it was held that—

"A court or jury is not required to believe a witness or accept his statements as conclusive merely because there is no direct evidence contradicting his statements." (Syl. ¶ 2.)

In *Howell v. Harper,* 86 Kan. 396, 121 Pac. 362, it was said:

"It does not necessarily follow that a fact is established because testimony fairly tending to prove it is uncontradicted by direct opposing testimony. It cannot be said, as matter of law, that the jury (or court trying the fact) is bound to accept evidence as true, although not contradicted by direct evidence." (p. 397.)

In *Bank v. Freeburg,* 84 Kan. 235, 116 Pac. 484, it was held that—

". . . The jury and the court have the right to believe the circumstantial evidence and to disbelieve the direct evidence." (Syl.)

We conclude that there was substantial and sufficient evidence to fully support the finding of the trial court as to the second point in issue—as to the extent and character of the performance by the plaintiff, which alone would prevent a recovery on his part regardless of the finding as to the existence and terms of an oral contract. But there was also quite a little evidence which differed widely from the testimony of witnesses for the plaintiff, so that the court could reasonably have doubted the force and effect of the plaintiff's evidence as to the making and terms of the alleged contract even if there was no evidence directly contradicting it.

We find no error in the making of the findings and conclusions nor in the ruling on the motion for a new trial.

The judgment is affirmed.