No. 35,514

In the Matter of the Estate of Frances A. Johnson, Deceased (MARY B. DAVIS, *Appellant*, v. CHARLES M. FRASER, Administrator of the Estate of Frances A. Johnson, Deceased, *Appellee*).

(125 P. 2d 352)

Opinion filed May 9, 1942.

*Richard W. Shaw,* of Hiawatha, argued the cause for the appellant.

*L. E. Helvern,* of Hiawatha, argued the cause for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal from a judgment disallowing a claim against the estate of a decedent. Claimant appeals from the judgment of the district court and the order overruling her motion for a new trial.

The claim was based upon services alleged to have been rendered,

pursuant to an oral contract, by Mary B. Davis to Frances A. Johnson, now deceased. The period during which intermittent services were alleged to have been rendered ended approximately thirteen and one-half months prior to the death of Frances A. Johnson. No claim was ever presented to the deceased during her lifetime. The claim was allowed in the probate court, and appellee in this court, Charles M. Fraser, administrator of decedent's estate, appealed to the district court. The latter court disallowed the claim. The claimant is the appellant here. For clarity we shall refer to the claimant as the plaintiff and to the administrator as the defendant.

Frances A. Johnson died April 15, 1941. The services for which plaintiff sought compensation were alleged to have been rendered pursuant to separate and distinct calls by the deceased during her lifetime and between the dates of November 7, 1937, and March 3, 1940, inclusive. Her claim was filed in the probate court on March 12, 1941. The express oral contract pleaded was as follows:

"Your petitioner, Mary B. Davis, who resides at Hiawatha, Kansas, states and alleges that Frances A. Johnson, during her lifetime became indebted to your petitioner on or about March 3, 1940, for and on account of an open account for a contract for personal services rendered said deceased, beginning on or about November 7, 1937, and continued to the date first set out. That the contracted value of said services and a true and correct statement of the same is as follows:"

Following the above allegation was set forth an itemized statement of the dates and amounts claimed for the services rendered. There were listed as many as four calls per day. The contract value of the services rendered for each call was alleged to be one dollar. The total amount claimed was $872. The total credits allowed for the amounts alleged to have been paid on various occasions was $47, leaving a balance claimed in the sum of $825, together with interest at six percent from March 3, 1940.

At the conclusion of plaintiff's testimony in chief the defendant moved that the court strike from plaintiff's claim all amounts which were claimed for services alleged to have been rendered more than three years prior to the filing of the claim in the probate court. The motion was sustained. Defendant then introduced evidence which was designed to challenge the contention that such a contract had ever been made and that plaintiff had performed services for the deceased pursuant to any contract. Plaintiff introduced rebuttal testimony. Upon consideration of all the evidence the court was convinced the claim should not be allowed in any part, and so found.

As heretofore indicated, the ruling on defendant's motion to strike affected only a part of plaintiff's claim. The finding, however, of the trial court based upon all the evidence affects the entire claim. If no reversible error was committed in making that finding the decision must be affirmed. We shall therefore direct our attention to that finding.

Plaintiff erroneously argues that finding as though a demurrer had been interposed and sustained to her evidence. She claims there was uncontradicted evidence to support her claim and the court was therefore obliged to allow it. The contention cannot be sustained. Assuming there was no evidence which directly contradicted the testimony offered in her behalf, the trial court was not compelled to accept that testimony and to give effect thereto. As the trier of the facts, it was the province and duty of the court to determine what weight and credence it would give to the testimony of the witnesses on both sides of the case. Of course, a jury or court cannot arbitrarily or capriciously refuse to consider the testimony of any witness but, on the other hand, it is not obliged to accept and give effect to evidence which, in its honest opinion, is unreliable, even though such evidence is uncontradicted. (*State, ex rel., v. Woods,* 102 Kan. 499, 170 Pac. 986; *Potts v. McDonald,* 146 Kan. 366, 69 P. 2d 685; *State v. Jones,* 147 Kan. 8, 11, 75 P. 2d 230; *Briney v. Toews,* 150 Kan. 489, 494, 95 P. 2d 355; *Johnson v. Soden,* 152 Kan. 284, 103 P. 2d 812.)

Plaintiff contends this court has frequently reversed a trial court on findings of fact where there was no evidence to support the findings made. That is true where there were affirmative findings of fact unsupported by the record. Here, however, we have a negative finding of fact—a very different thing. (*Potts v. McDonald,* supra, p. 369.) Here the court, after hearing all of the evidence, was convinced the claim should not be allowed, and so found. The court quite apparently either did not believe the testimony offered in support of plaintiff's claim or the evidence was not sufficiently clear and convincing to persuade the court concerning the validity of the claim.

Appellate courts cannot nullify a trial court's disbelief of evidence (*Kallail v. Solomon,* 146 Kan. 599, 602, 72 P. 2d 966), nor can they determine the persuasiveness of testimony which a trial court may have believed. The appearance and demeanor of a witness, which appellate courts never have the opportunity of observing and which

cannot be transmitted to the cold records of this court, may be, and sometimes are, far more persuasive than positive testimony.

It will serve no useful purpose to narrate the evidence. In passing, however, we may say there were various facts and circumstances in connection with the testimony offered in support of plaintiff's claim which would appear to have justified serious doubt, if not absolute disbelief, with respect to the justice of the claim. Defendant's testimony served to cast additional doubt upon various aspects of the claim. Manifestly we cannot disturb the judgment. It is affirmed.