No. 36,826

Tymon Gibbs, *Appellant*, v. Central Surety and Insurance Corporation, *Appellee*.

(181 P. 2d 520)

Clair E. Robb, judge.

Opinion filed June 7, 1947.

*Wayne Coulson*, of Wichita, argued the cause, and *Howard T. Fleeson, Homer V. Gooing, Paul R. Kitch, Manford Holly* and *Dale M. Stucky*, all of Wichita, were with him on the briefs for the appellant.

*Laurence S. Holmes,* of Wichita, argued the cause, and *George J. Hondros,* of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover on an automobile liability insurance policy, and from a judgment in favor of the defendant the plaintiff has appealed.

In a general way it may be stated that in the petition it was alleged that the defendant company had issued to Margaret Blackwell a policy insuring her against the claims of all persons injured by reason of the negligent operation of a certain Packard automobile owned by her, the policy providing that the word "insured" included all persons driving the automobile with her permission; that on April 2, 1942, plaintiff was driving the automobile with the consent of Margaret Blackwell and became involved in an accident with one Lewis J. Nelson, who threatened plaintiff with an action for damages unless a settlement was made, and on June 12, 1942, plaintiff notified the defendant company that if it did not comply with the terms of the policy plaintiff proposed to make the best possible settlement of Nelson's claim against him and would thereafter look to the defendant company for recovery of any amount he had to pay Nelson; that the defendant company refused to investigate the accident and to extend coverage as provided in the policy; that on June 20, 1942, plaintiff made a settlement with Nelson and paid Nelson the sum of $875 in full settlement and that it was a reasonable settlement. It was further alleged that in order to properly investigate the accident and arrive at a reasonable settlement plaintiff retained the services of an insurance adjuster and an attorney, for whose services he paid a total of $200. He prayed for judgment in the amount of $1,075.

The defendant's answer was a general denial, and its prayer was that plaintiff take nothing by his petition and that it have judgment for its costs.

At the trial defendant's demurrer to plaintiff's evidence was overruled. Defendant offered no evidence. The trial court, upon consideration of the evidence found in favor of the defendant. Plaintiff's motion for a new trial was denied, and in due time the plaintiff appealed from the judgment and the ruling on his motion for a new trial. His specification of errors covers the matters hereafter discussed.

Before discussing appellant's contentions, we note that in its brief appellee states "the failure of the Appellant to file a complete transcript in the Supreme Court" restricts this court's review to questions of law; that all of the errors specified involve the weighing or analyzing of evidence, and there being no transcript there is nothing to review and our attention is directed to the following decisions: *Mercer v. Kirkwood,* 147 Kan. 637, 77 P. 2d 929; *Barker v. Chicago, R. I. & P. Rly. Co.,* 158 Kan. 549, 148 P. 2d 493; *Kasper v. Miller,* 159 Kan. 488, 156 P. 2d 550; *Addington v. Hall,* 160 Kan. 268, 160 P. 2d 649. It may be noted here that the transcript of the record is to be filed in the district court (G. S. 1935, 60-3311) and not in this court. Briefly stated, it appears that notice of appeal was served and filed December 2, 1946, and shortly thereafter was certified to this court. The cause was set for hearing in this court on March 7, 1947. On January 27, 1947, appellant filed his abstract and on February 8, 1947, his brief. The appellee's brief not being on file on March 7, 1947, the cause was continued and reset for April 30, 1947. Appellee filed its brief on April 30, 1947, and for the first time raised the question that the record in the district court did not show any transcript. Affidavits have been submitted from which it appears that the transcript was duly lodged in the office of the clerk of the district court, but through some oversight no record of its filing was noted on the docket. The same affidavits disclose that appellee, before filing its brief, procured its own transcript from the court stenographer. In connection with its brief, appellee filed a counter-abstract containing a motion to make definite and certain and the trial court's ruling thereon, but there is no statement or contention that the abstract filed by the appellant is erroneous in any particular. Appellee's contention that appellant may not be heard because the record does not contain a transcript of the evidence is not sustained.

We note further that in appellee's brief no effort is made to refute contentions advanced by the appellant other than to repeat that in the absence of a transcript there is no proper question for review before this court and that it must be presumed the trial court found on the evidence before it that plaintiff had not sustained the burden of proof. On the oral argument before this court appellee made no particular answer to the contentions advanced and argued by the appellant other than the trial court was not compelled to believe the testimony of appellant's witnesses, and unless

his testimony be believed, the plaintiff had not proved a cause of action. The legal proposition thus advanced will be discussed after we review the evidence and the appellant's contentions.

Insofar as need be noticed the policy of insurance, which was received in evidence, named Margaret Blackwell as the insured and described a certain Packard business coupé. The company agreed to pay on behalf of the insured all sums which the insured should become obligated to pay by reason of liability imposed by law for damages sustained by any person caused "by accident and arising out of the ownership, maintenance or use of the automobile." The word "insured" is defined to include not only the named insured, but also any person while actually using the automobile "with the permission of the named Insured."

The plaintiff testified by deposition that he was an engineer employed by a steel company, and that he had occasion to work with V. R. Blackwell, also employed by the same company, and they worked out of Wichita. In connection with their work, they traveled over a territory embracing the oil producing country northwest of Wichita. At times they went in plaintiff's car and at other times in a Chevrolet owned by Blackwell. Blackwell had only one arm. On these trips the owner of the car they were driving did most of the driving but the other relieved him part of the time. On April 2, 1942, they were on a trip to Great Bend. Blackwell's car was being repaired and they were using Mrs. Blackwell's Packard coupé. Gibbs had no direct permission from Mrs. Blackwell to drive the car, but he did have permission from Mr. Blackwell. When returning home and while Gibbs was driving, the car struck a man named Nelson, who was riding a bicycle on a street in Hutchinson. The details of the accident and the extent of injuries need not be noted. Gibbs hired an attorney and under date of June 12, 1942, the defendant company was notified that Nelson was threatening suit unless a settlement was made. Under date of June 20, 1942, the company acknowledged receipt and in reply denied that Gibbs was driving the car with Mrs. Blackwell's permission. It made reference to the fact that Gibbs had insurance in another company, and made some detailed reference thereto. It also stated it was advised that settlement could be made with Nelson for $875 and it presumed such a settlement had been made; that in view of the position it had taken it had no particular interest in such settlement, but that it expected to call upon Gibbs' insurance company to hold it

harmless from any loss which might come from failure to make the settlement. Gibbs further testified that he had settled with Nelson, paying $875 with his own personal check. It may here be noted that the trial court rejected as evidence a written release taken from Nelson and Gibbs complains thereof. In cross-examination, it was developed that the funds on which Gibbs drew his check to Nelson were indirectly furnished by the company carrying the insurance on Gibbs' automobile.

V. R. Blackwell was personally present and testified that he and Gibbs were employed by the same company and traveled together; that his wife owned a Packard coupé which he purchased; that witness and Gibbs had made previous trips using Gibbs' car one time and his the next; that on the trip in question his car was in a garage for repairs and they were using Mrs. Blackwell's car; that prior to that time he had used her car and she had used his, and on the particular occasion Mrs. Blackwell knew where they were going and that Gibbs was going with him; that Mrs. Blackwell was acquainted with Gibbs and with the work of each of them and knew they went out together on the trips for their employer. He also said he imagined he had Mrs. Blackwell's specific permission to take the car on the trip; that he wouldn't just drive it off without telling her; that he used her car on short errands without saying anything to her, but not on long drives. On cross-examination he testified that his wife had not specifically given Gibbs permission to drive the Packard coupé.

There were no other witnesses for plaintiff. It may be observed that none of the testimony was inherently improbable or not candid. Cross-examination of either witness did not disclose anything tending to impeach or discredit answers made on direct examination.

As has been stated, the appellee offered no testimony in defense. On the evidence adduced the trial court found in favor of the appellee. At the oral argument appellee did not contend that the evidence, if believed, did not prove the cause of action as pleaded and warrant a judgment for the appellant, but did contend that the trial court was not compelled to credit the testimony even though it was wholly uncontroverted.

In our examination of our decisions we find none which supports the broad claim as made by appellee. In most, if not all of our decisions, the factual situation was that the evidence produced by both sides left a situation where one party claimed that because

certain testimony was not expressly contradicted the trier of the fact was bound to give that testimony full credence.

In *Swartz v. Levin,* 108 Kan. 224, 194 Pac. 646, defendant offered certain evidence as to car weights, which evidence was not disputed. It was contended that such evidence must be believed and if it were, there must be reversal of a judgment. This court held:

"The trier of the facts is not bound to believe evidence the truth of which is not admitted, merely because no direct testimony to the contrary is introduced." (Syl. ¶ 2.)

In *Ragland v. Watkins Nat'l Bank,* 129 Kan. 426, 283 Pac. 632, Ragland ignored other evidence bearing on the question and contended the undisputed evidence showed him to be the owner of certain cattle. This court held:

"Some uncontradicted and unimpeached evidence tending to establish the claim of the party assuming the burden in the case will not be sufficient to reverse the finding of the trial court unless such evidence covers and reaches all the necessary points to complete the showing of his right to recover." (Syl. ¶ 1.)

In *Weber Implement & A. Co. v. Dubach,* 132 Kan. 309, 295 Pac. 979, the action was for recovery of the cost of road material and to recover on a surety bond. There was a question whether Dubach had signed a certain document. Reference is made to the opinion for a statement of the evidence generally. This court held:

"The rule followed that the trier of facts is not bound to believe evidence, the truth of which is not admitted, merely because no direct testimony to the contrary is offered. And it is held that under the circumstances in this case the court was warranted in reaching the conclusion reached as to the facts." (Syl. ¶ 5.)

In *Kallail v. Solomon,* 146 Kan. 599, 72 P. 2d 966, the defendant appealed, complaining there was error because the jury had not believed certain evidence. In disposing of his contention this court held:

"A court or jury is not required to believe the testimony of a witness or witnesses merely because there is no direct evidence to contradict the same." (Syl. ¶ 2.)

In the above mentioned cases and many of those cited in them, whether mentioned or not, it has been assumed that the action of the trier of the fact has not been unreasonable, arbitrary, capricious or on reliance on unsubstantial grounds. The following cases deal with the latter proposition.

In *Healer v. Inkman,* 89 Kan. 398, 131 Pac. 611, it was contended the jury intentionally ignored testimony, refused to make findings, fearing their effect, and was not candid and fair. This court held:

"While a jury is at liberty to disbelieve the uncontradicted testimony of a witness which is deemed to be unreasonable and untrue it is never justified in arbitrarily and capriciously disregarding unimpeached evidence." (Syl. ¶ 1.)

In *Woulfe v. Interurban Railway Co.,* 115 Kan. 640, 223 Pac. 817, the action was for damages for negligence in connection with a fire. Defendant's evidence was undisputed upon a material question, but the jury returned a verdict in favor of the plaintiffs. The trial court sustained the defendant's motion for judgment and plaintiff appealed. In disposing of its contentions, this court, in affirming the trial court, held:

"Jurors have no right to disregard the only evidence upon a material question in controversy and to return a verdict in direct opposition thereto." (Syl. ¶ 2.)

Both phases of the question of undisputed evidence received the attention of this court in *In re Estate of Johnson,* 155 Kan. 437, 125 P. 2d 352, where some of our numerous decisions are cited. It was held:

"A trial court cannot arbitrarily or capriciously refuse to consider the testimony of any witness, but it is not obliged to accept and give effect to evidence which, in its honest opinion, is unreliable, even though such evidence is uncontradicted." (Syl. ¶ 1.)

Appellant directs attention to the fact that with the exception of the testimony of the witness Blackwell, all of the evidence was the deposition of plaintiff Gibbs and some documents received in evidence; that as to the witness Blackwell, cross-examination was brief and in such examination no challenge was made in any manner with respect to his testimony on direct examination, and there was no contradictory testimony. It is urged that under our decisions in *In re Estate of Kemper,* 157 Kan. 727, 145 P. 2d 103, and *In re Estate of Wallace,* 158 Kan. 633, 149 P. 2d 595, we are in as good position as the trial court to weigh the evidence and that it is our duty to decide what the facts established. Whether that should or need be done will be developed later.

It may be observed that in its journal entry of judgment the trial court made no findings of any character, but stated only that after having considered the evidence, it "Ordered, adjudged and decreed that defendant have and recover judgment against plaintiff for the

costs of this action." As has been indicated, we are not aided by the brief filed by the appellee, and therefore must assume that the contentions now made by the appellant were the same as those pressed upon the attention of the trial court.

Was the appellee in position to urge that plaintiff was not the real party in interest? A contention that he was not must have been predicated on his testimony that the funds on which Gibbs drew his check to pay Nelson were indirectly furnished to him by another insurance company. Insofar as the question now under discussion is concerned, we hold that, under our decisions in *Lawrence Nat'l Bank v. Howard*, 125 Kan. 85, 262 Pac. 561, and *Federal Savings & Loan Ins. Corp. v. Hatton*, 156 Kan. 673, 135 P. 2d 559, and cases cited therein, in order to contest plaintiff's right to maintain an action on the ground he is not the real party in interest, the question must be raised by answer, or if the defect appear on the face of the petition, by demurrer, and if not so done will be deemed to have been waived.

The next question presented is whether the fact that money was indirectly furnished Gibbs to pay Nelson results in a conclusion that no loss was sustained by Gibbs and therefore he may not recover. This question cannot be entirely dissociated from that previously discussed, under the situation disclosed by the pleadings and evidence, but we need not pursue this aspect of the matter for the reason that the source of payment, if made in good faith, is immaterial to the insurer and cannot be inquired into, and that the payment may be made with borrowed money is no defense. (See 45 C. J. S. 1054 and cases cited, and also *American Motorists Ins. Co. v. Weir*, 132 Conn. 557, 46 A. 2d 7, and *Garetson-Greason Lbr. Co. v. Home Life & Acc. Co.*, 131 Ark. 525, 199 S. W. 547.) That Gibbs paid Nelson $875 stands entirely undisputed, and that this amount represents a loss sustained by Gibbs cannot be gainsaid.

The question of the reasonableness of the settlement is also suggested. In view of the appellee company's letter of June 20, 1942, to Gibbs, stating it expected Gibbs' insurance company to hold it harmless from any loss which might come from failure to make the settlement, the amount of which it had been advised, it is not in a position to assert the settlement was not reasonable.

Was the car being driven with permission of Margaret Blackwell? Without reviewing the evidence, it is clear from it that V. R. Blackwell was driving the Packard coupé with his wife's permission, and

equally clear that it was being used on a joint venture of Blackwell and Gibbs and that Mrs. Blackwell was aware thereof. No other conclusion can be drawn from the evidence than that if Margaret Blackwell did not give express permission to both her husband and Gibbs to drive the car, she did impliedly do so. As bearing on the legal results following, see *Glens Falls Indemnity Co. v. Zurn*, (7 C. C. A.) 87 F. 2d 988, and *Aetna Life Ins. Co. v. Chandler*, 89 N. H. 95, 193 Atl. 233, in which the omnibus clause respecting use of an automobile was held to cover a third person's use of the automobile.

The question of reduction of liability of the defendant company by reason of claimed co-insurance because Gibbs had a policy with another company, need not be discussed at any length. Had there been any provision for co-insurance and that has not been made to appear, it would not have affected plaintiff's right to recover, although it might have affected the amount of such recovery. Assuming, however, the question of co-insurance were actually in the case, this court long ago held that it is a defense to be raised by answer. (*Insurance Co. v. McLead*, 57 Kan. 95, 45 Pac. 73.) The answer in this case did not plead such a defense.

Our examination of the record, as abstracted, leads to a conclusion that the trial court either was in error as to the principles of law to be applied to the undisputed evidence or, if not, in disregarding the only evidence upon the material matters in controversy and rendering a judgment in direct opposition to that evidence. Under the evidence plaintiff was entitled to judgment. The same result is reached if we consider the evidence, a result we are not compelled to reach in view of the conclusion above stated.

The judgment of the trial court is reversed and the cause remanded with instructions to render judgment in favor of the appellant and against the appellee.

Hoch, J., not participating.