No. 43,854

NATIONAL FARMERS UNION PROPERTY AND CASUALTY CO., *Appellant,*
v. THE FARM BUREAU MUTUAL INSURANCE COMPANY, INC., *Appellee.*

(397 P. 2d 81)

Opinion filed December 12, 1964.

*Wayne T. Stratton,* of Topeka, argued the cause, and *Lester M. Goodell, Marlin S. Casey, Raymond Briman, Murray F. Hardesty, Gerald L. Goodell, Robert E. Edmonds,* and *Arthur E. Palmer,* all of Topeka, were with him on the brief for the appellant.

*R. Austin Nothern,* of Topeka, argued the cause, and *O. B. Eidson, Philip H. Lewis, James W. Porter, Charles S. Fisher, Jr., Peter F. Caldwell, William G. Haynes, Roscoe E. Long,* and *Brock R. Snyder,* all of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal by plaintiff from the trial court's findings of fact and conclusions of law and resulting judgment for defendant, and from the trial court's further order overruling plaintiff's motions to set aside the findings and conclusions and to grant a new trial.

Plaintiff, National Farmers Union Property and Casualty Company, at all times material to this case, insured Lawrence Hartman and his son, Ralph Hartman, under a certain automobile insurance policy. Defendant, The Farm Bureau Mutual Insurance Company, Incorporated, insured a 1951 Oldsmobile owned by Phillip Zerr, Sr.

Briefly summarized, the record shows the trial court found that Ralph Hartman and Phillip Zerr, Jr., were coemployees of the Grainfield Elevator Company, Grainfield, Kansas. On July 10, 1960, while Ralph, with Phillip Zerr, Jr.'s permission, was driving the 1951 Oldsmobile belonging to Phillip Zerr, Sr., an accident occurred because of Ralph's negligence which resulted in injuries to J. J. and Theresa Meyer. Plaintiff thereafter paid to the Meyers the sum of $2,173.48 as a reasonable and necessary settlement therefor.

The omnibus clause of defendant's policy (III Definition of Insured. [a]) issued to Zerr, Sr., on his 1951 Oldsmobile provided that it insured, among others,

". . . any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the *named insured* or such *spouse or with the permission of either.*" (Our italics.)

It is admitted that Ralph was a defendant's insured if he had the permission of Zerr, Sr., to operate the 1951 Oldsmobile.

The trial court further found that Zerr, Sr., had purchased the automobile for the use and benefit of his entire family; he purchased most of the oil and gas for the car and was responsible for the repairs thereto; Zerr, Jr., purchased some oil and gas and the car was kept at the insured's home when not being used by some member of the family; Zerr, Jr., had almost unlimited use of the car; while attending Fort Hays State College, he had driven the car to Hays for a week at a time returning home on the week-ends; he drove the car to and from work, in the evenings, and on week-ends; he was not required to account to his father as to the car's use or did he have to ask to use it each time he took it; Zerr, Sr., was aware that Zerr, Jr., had permitted his boss, the elevator manager, to use the car on occasion and had once observed the elevator manager driving the car; there was no direct evidence that Zerr, Sr., had ever observed Ralph driving the Oldsmobile.

Conclusion of law No. 3 made by the trial court reads:

"That Ralph Hartman did not have permission either express or implied, of the named insured, Phillip Zerr, Sr. to use the 1951 Oldsmobile on July the 10th, 1960, at the time it was involved in an accident with a vehicle driven by J. J. Meyer. That Ralph Hartman was not an insured within the terms of the defendant company's policy."

No contention is made by defendant here that *express* permission had ever been given by Zerr, Sr., for Ralph to drive the car. The result is the only real question raised by plaintiff on appeal is whether there is any substantial evidence to justify this court in reversing the trial court's finding, and its resultant judgment, that there was no evidence to establish *implied permission* by Zerr, Sr., for Ralph to drive the car.

Plaintiff directs our attention to *Gibbs v. Central Surety & Ins. Corp.*, 163 Kan. 252, 181 P. 2d 498, where the omnibus clause in an automobile liability policy limited the use of the automobile to permission of the named insured, but the facts developed therein clearly indicated the insured had given her implied permission.

In a discussion in *Horn v. Allied Mutual Casualty Company*, 272 F. 2d 76, reference was made to the rule in our Gibbs case as follows:

"The Kansas court followed the general rule that the permission referred to in the omnibus clause may be express or implied. It may be established by a showing of a course of conduct or relationship between the parties, including lack of objection to the use by the permittee, which signifies acquiescence or consent of the insured." (p. 79.)

Plaintiff argues that Zerr, Sr., knew his son had loaned the car to his boss, the elevator manager, and had seen him driving the car on at least one occasion, and Zerr, Sr., had made no objection thereto. Up to this point we have approximately the same question as the one presented in the Gibbs case, but the Gibbs case is not authority, or does it support, plaintiff's contention the husband in the Gibbs case could have allowed any co-worker to operate his wife's car with only the husband's permission. We cannot agree from the mere circumstance that the elevator manager used the car, it would necessarily follow, as a matter of course, that Zerr, Sr., would be placed in a position where any of the other five employees of the elevator, including Ralph, would also be privileged to use the car, and especially is this true in Ralph's case because Zerr, Sr., was under the impression Ralph was only fourteen years of age.

Plaintiff cites no cases from this jurisdiction which expand the rule in the Gibbs case as to the circumstances under which permission may be implied, and our research has produced none.

The trial court made complete and comprehensive findings of fact and conclusion of law and counsel for the parties have ably presented the appeal herein. We are bound to recognize this case does not involve permission of a *spouse*, as did the Gibbs case, but involves only the permission of the *son*, Zerr, Jr.

Although fully realizing that in this jurisdiction we have been quite liberal in granting coverage under the omnibus clauses of liability insurance policies, we are of the opinion the better rule applicable here is that pronounced by the trial court in holding Ralph was not insured within the terms of defendant's policy because he did not have permission, either express or implied, of Zerr, Sr., to use the automobile. We, therefore, affirm the judgment of the trial court.

In view of the above, other points raised by the parties need not be discussed.

Judgment affirmed.

WERTZ and FATZER, JJ., dissent.