NOT DESIGNATED FOR PUBLICATION

No. 118,733

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JEROME ROSS,
*Appellant*,

v.

SAM CLINE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed August 17, 2018. Affirmed.

*Jerome Ross*, appellant pro se.

*Joni Cole*, legal counsel, of El Dorado Correctional Facility, for appellee.

Before GARDNER, P.J., GREEN and HILL, JJ.

PER CURIAM: Jerome Ross appeals the summary dismissal of his petition for habeas corpus relief under K.S.A. 2017 Supp. 60-1501. He contends that the Kansas Department of Corrections (KDOC) violated his due process rights when it imposed disciplinary sanctions on him for possession of contraband. Finding that Ross is not entitled to relief, we affirm.

1

*Factual and procedural background*

While Ross was an inmate at Lansing Correctional Facility, a corrections officer searched the cell Ross shared with James Walker. The officer found a legal box on the floor. In that box, under its false bottom, the officer found some bags of methamphetamine and a cellphone. That officer testified that the false bottom was noticeable once he moved some items. An officer strip-searched both men and found methamphetamine on Walker. Walker was charged with possession of methamphetamine under K.A.R. 44-12-901. Ross was charged with violating K.A.R. 44-12-901, possession or control of dangerous contraband, and K.A.R. 44-12-211(B), unauthorized possession of a telephone/communication device. Both are Class I offenses.

At the disciplinary hearing, Ross testified that the box was his and contained his legal mail, but he had never noticed it had a false bottom. Walker testified that the cellphone and methamphetamine in Ross' box belonged to him—not to Ross. The hearing officer found the reporting officer's testimony was credible, Walker's testimony was not credible, and the charges were substantiated because Ross had exercised control over the box. Concluding it was more likely true than not that Ross was guilty of the violations charged, he imposed sanctions including a fine and a loss of 180 days' good time credit for each violation. Ross exhausted his administrative remedies and then filed a petition for a writ of habeas corpus in the Leavenworth County District Court.

Ross, as a person who was detained, confined, or restrained of liberty within the state, properly petitioned the court for a writ of habeas corpus. K.S.A. 2017 Supp. 60-1501(a). A habeas corpus petition under K.S.A. 60-1501 must allege shocking or intolerable conduct or mistreatment of a constitutional stature. If the face of the petition fails to allege such treatment, the district court may dismiss the petition. *Bankes v. Simmons*, 265 Kan. 341, 349, 963 P.2d 412 (1998); *Corter v. Cline*, 42 Kan. App .2d 721, 722, 217 P.3d 991 (2009).

2

The Leavenworth County District Court initially issued a writ. But when Ross was transferred to El Dorado Correctional Facility, his case was transferred to Butler County as well. There, the district court summarily granted the State's motion to dismiss and dissolved the writ.

Ross timely appeals, challenging the district court's findings that he received sufficient procedural due process during his disciplinary hearing and that sufficient evidence supported his conviction.

*Standard of review*

K.S.A. 2017 Supp. 60-1503(a) authorizes the summary dismissal of a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits attached thereto that the plaintiff is not entitled to relief in the district court." Upon review, we must accept the facts alleged by the inmate in the petition as true and determine whether the alleged facts and all of their inferences state a claim. *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005). We have done so here in stating the facts above.

We do not independently examine the entire record, evaluate the credibility of witnesses, or reweigh the evidence. *May v. Cline*, 304 Kan. 671, 674, 372 P.3d 1242 (2016). When, as here, a prison disciplinary hearing has been held, we defer to the ensuing decision and will uphold it if it is supported by "some evidence." 304 Kan. at 674. But we have unlimited review over the legal question whether the inmate has been given due process. *Hogue*, 279 Kan. at 850.

*Procedural due process*

We apply a two-step analysis to an inmate's claim of a due process violation. We first determine whether State action deprived the inmate of life, liberty, or property. If we find such a deprivation, we then determine whether the inmate received the extent and nature of the process due him or her under the circumstances. *Hogue*, 279 Kan. at 850-51.

The first step is easily met. The imposition of fines implicates an inmate's property interest, as does the loss of good time credits already earned. *In re Habeas Corpus Application of Pierpont*, 271 Kan. 620, 626, 24 P.3d 128 (2001) (good time credits); *Washington v. Roberts*, 37 Kan. App. 2d 237, 240, 152 P.3d 660 (2007) (fines). Ross was fined and lost 180 days' good time credit for each violation. His claims thus raise constitutionally protected property interests.

The second step—determining whether the disciplinary action violated Ross' procedural due process rights—requires a look at the record. Prisoners' constitutional rights are less extensive than those of defendants in criminal proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). The limited procedural due process rights afforded in prison disciplinary proceedings include "an impartial hearing, a written notice of the charges to enable inmates to prepare a defense, a written statement of the findings by the factfinders as to the evidence and the reasons for the decision, and the opportunity to call witnesses and present documentary evidence." *Pierpont*, 271 Kan. at 627 (citing *Wolff*, 418 U.S. at 563-66). Those are the rights Ross was entitled to here.

Ross' petition alleges that the State deprived him of three procedural due process rights: (1) the right to present a witness; (2) the right to prepare and execute a viable defense; and (3) the right to a fair hearing before an impartial hearing officer. But as we detail below, our review of the record convinces us that even if all the factual allegations

4

in Ross' petition are true, his petition fails to state a claim upon which relief can be granted on any of these grounds.

Ross first claims that he was denied the right to present a witness. But the record shows that he was allowed to call the only witness he requested—his cellmate, Walker. Walker testified at the hearing and testified favorably to Ross.

Ross' second claim is related—that he was not allowed to present a viable defense because the hearing officer discredited Walker's testimony "for no reason mentioned in the record." But the record contains the hearing officer's express finding that Walker's testimony was not credible. "The trier of facts is not obligated to accept and give effect to evidence which he considers to be unreliable, even if such evidence is uncontradicted. *Beard v. Montgomery Ward & Co*., 215 Kan. 343, 348, 524 P.2d 1159 (1974)." *Mansfield Painting & Decorating, Inc. v. Budlaw Services, Inc.*, 3 Kan. App. 2d 77, 84, 589 P.2d 643 (1979). The hearing officer's rejection of Walker's testimony was not arbitrary but was based on the officer's judgment of Walker's lack of credibility.

This claim is much like that made in *Beard v. Montgomery Ward & Co.*, 215 Kan. 343, 524 P.2d 1159 (1974), when the plaintiff contended that the trial court was bound to believe her testimony about her marriage because it was not directly contradicted. We refuted that assertion, finding the trier of fact is the sole judge of credibility and need not credit uncontradicted testimony:

> "This is not the law; the trier of fact is the sole judge of the credibility of a witness. While it 'cannot arbitrarily or capriciously refuse to consider the testimony of any witness, . . . it is not obliged to accept and give effect to any evidence which, in its honest opinion, is unreliable, even if such evidence be uncontradicted.' (*Collins v. Merrick*, 202 Kan. 276, 448 P.2d 1, Syl. ¶ 3. See also, *Lehigh, Inc. v. Stevens*, 205 Kan. 103, 468 P.2d 177; *In re Estate of Johnson*, 155 Kan. 437, 125 P.2d 352.)" *Beard*, 215 Kan. at 348.

The same is true even when the testimony of *two* witnesses is consistent and uncontradicted—the fact-finder need not find that testimony to be credible. See, e.g., *Tice v. Ebeling*, 238 Kan. 704, 711, 715 P.2d 397 (1986) (finding that the jury has the authority to discredit the uncontradicted and unimpeached testimony of a husband and wife). Such is the case here. No due process violation is potentially shown by the hearing officer's decision to credit the officer's testimony rather than Ross' and Walker's testimony.

Ross' third claim is that the hearing officer was biased, partial, and "totally unfair" because he ignored Walker's testimony. We agree that the hearing officer cannot arbitrarily or capriciously refuse to consider the testimony of any witness. See *Beard*, 215 Kan. at 348. But the record shows that the hearing officer did, in fact, consider Walker's testimony in reaching his decision. Ross has shown no arbitrariness or capriciousness.

The hearing officer's finding that Walker's testimony lacked credibility does not show bias or prejudice. "'[B]ias' and 'prejudice' . . . refer to the mental attitude or disposition of the judge toward a party to the litigation and not to any views that he might entertain regarding the subject matter involved." *State v. Foy*, 227 Kan. 405, 411, 607 P.2d 481 (1980).

We are not persuaded of error when an inmate offers nothing but his own self-serving testimony in support of an allegation that the hearing officer was not an impartial fact-finder. See *Swafford v. McKune*, 46 Kan. App. 2d 325, 329, 263 P.3d 791 (2011). Instead, we require more. See, e.g., *Johnson v. Roberts*, No. 114,162, 2016 WL 2810212, at *9 (Kan. App. 2016) (unpublished opinion) (finding an actionable claim of bias where inmate pleaded that the hearing officer had told Johnson during his orientation into the facility that he would *always* believe statements made by corrections officers and staff over statements made by inmates); *Germann v. Conover*, No. 110,643, 2014 WL 3397184, at *3 (Kan. App. 2014) (unpublished opinion) (same). Ross' petition alleges no

facts tending to show any personal bias or prejudice of the hearing officer toward Walker or Ross, and the record discloses none.

Thus, Ross has made no actionable claim of a procedural due process deprivation. Because Ross failed to establish grounds for the relief requested in his K.S.A. 60-1501 petition, the district court did not err in summarily dismissing his due process claims.

*Sufficient evidence*

Ross' final argument is that insufficient evidence supports the disciplinary decision.

An inmate's due process rights are satisfied if "some evidence" supports the disciplinary decision. *Washington*, 37 Kan. App. 2d at 246. As the United States Supreme Court has held, the Federal Constitution does not require evidence that "logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985).

When an inmate challenges the basis for the hearing officer's decision, due process demands only a modicum of evidence to support the disciplinary sanction in order "to prevent arbitrary deprivations without threatening institutional interests or imposing undue administrative burdens." *Hill*, 472 U.S. at 455. The United States Supreme Court has explained why this low burden is appropriate:

> "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. We decline to adopt a more stringent evidentiary standard as a constitutional requirement. Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must

often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context. [Citations omitted.]" *Hill*, 472 U.S. at 455-56.

Ross claims that no direct evidence shows he possessed or controlled the items in his box, as required for a violation of K.A.R. 44-12-901. He focuses on the fact that no one testified to having seen Ross put anything in the box. Ross argues that his cellmate had equal access to the box and could have placed the drugs and phone in it when Ross was elsewhere. He also asserts that the record shows no reason Walker could not have owned the items in the box, as Walker testified.

But circumstantial evidence can be a sufficient basis for a conviction, and it need not exclude every other reasonable conclusion. *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016). The hearing officer stated that he applied the prison's General Order 9-106. That order provides that inmates are responsible for the contents of their cell within their area of control. He concluded that Ross had exercised control over the box by storing his personal and legal mail in it. That conclusion is supported by Ross' testimony that he acquired the box and used it as a legal box, as well as by the reporting officer's statement that the box contained papers with Ross' name on them and that the false bottom was noticeable once he moved some items. This evidence shown by the record meets the "some evidence" standard.

Affirmed.