**SHAW et al. v. MISSOURI PAC. R. CO. et al.**

**No. 294–Civ. A.**

District Court, W. D. Louisiana, Monroe Division.

Jan. 30, 1941.

652

C. Elliot Thompson and James H. Dormon, both of Monroe, La., for plaintiffs.

Hudson, Potts, Bernstein & Snellings, of Monroe, La., for defendants.

PORTERIE, District Judge.

In the absence of a transcribed note of evidence, a statement of facts in this case is omitted. We have read both briefs twice, attentively, and have read all cited cases in each.

None of the allegations of the answer of the defendant is considered except the admissions (a) that John Pittman was killed on November 29, 1939, by the passenger train in question (Art. 3), and (b) that the engine of the train was equipped with a powerful headlight and that the headlight was in good condition and burning brightly just prior to and at the time of the accident (Art. 13).

The rule of interpretation in this motion under Rule 41(b), 28 U.S.C.A. following § 723c, is best outlined by the following quotation taken from Federal Deposit Ins. Corporation v. Mason, 3 Cir., 115 F.2d 548, at page 551: "This case began as a suit in equity and it was tried by a district judge without a jury. The order of dismissal here appealed from was made upon motion of the defendants immediately after the plaintiff had completed the presentation of its evidence. The motion was authorized by Civil Procedure Rule 41(b), 28 U.S.C.A. following Section 723c, which provides in part that 'After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.' The Advisory Committee appointed by the Supreme Court says as to this rule that 'for actions tried without a jury, it provides the equivalent of the directed verdict practice for jury actions which is regulated by Rule '50.' Note to Rule 41(b), 28 U.S.C.A. following section 723c. Inasmuch as an order of dismissal under Rule 41(b) is the equivalent of a directed verdict we must upon review of such an order view the evidence *and all inferences reasonably to be drawn therefrom in the light most favorable to the plaintiff*. Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720; [see more detailed and informative opinion of same case in Circuit Court of Appeals, 58 App. D.C. 304, 30 F.2d 467] United States v. Russian, 3 Cir., 73 F.2d 363. In our opinion the evidence, so viewed, was sufficient, if believed and not overcome by the defendants' evidence, to support findings and a judgment in favor of the plaintiff. It follows that the order dismissing the action must be reversed." (Italics supplied.)

We are letting all the circumstances, the oral evidence as to drinking just before the accident, and the physical facts as to the condition of the body and where found, etc., "point most favorably to the plaintiff", thus placing Pittman on the track, absolutely inert physically, in "passive" negligence.

Other points of importance in the case under the jurisprudence, proved with reasonable certainty by the plaintiff, are (a) that the area is populous; (b) that pedestrians frequently use the railroad track, particularly during the daytime and to a lesser degree as night; (c) and that the train was running about 45 to 50 miles per hour.

It follows, therefore, that this case falls m the third class of such Louisiana cases. Blackburn v. Louisiana Ry. & Nav. Co., 144 La. 520, 80 So. 708; Miller v. Baldwin et al., La.App., 178 So. 717; Bourgeois v. New Orleans, T. & M. R. Co., La.App., 193 So. 394.

The Bourgeois case shows the continued and recent (1940) division of cases concerning injuries to persons on or near tracks into three types by Louisiana courts of final resort.

The third class of Louisiana cases is described in Miller v. Baldwin, supra, as follows (178 So. at page 722): "The third class of cases * * * is where a person lies down on the track and, from sleep or intoxication, becomes unconscious of danger, and the locality where such person thus places himself * * * is in a popu-

lous city, urban section, or in a community where people frequently use the tracks as a footpath, and where there are several habitations and highway crossings, much greater care is required on the part of the operators of the train, and a greater responsibility is on them to keep a lookout for persons who may reasonably be expected to use the tracks for walking thereon, and who may be expected at times to lie down thereon and become unaware of their dangerous situation. The same rule applies to those who might become entangled on the track, or be unable to get off the track by their own power of locomotion. In such a situation and in such a locality, the operator of the train must regulate his speed so as to be able to stop his train on the sudden appearance of a human being on the track in an incapacitated condition. This class of cases is illustrated by the cases of Blackburn v. Louisiana Ry. & Nav. Co., 144 La. 520, 80 So. 708, and Jones v. Chicago, R. I. & P. R. Co., 162 La. 690, 111 So. 62. * * *"

▮ Now, as to the last clear chance: By interpretation of all the circumstantial evidence "in the light most favorable to the plaintiff" and adding the previous premise that the plaintiff was in passive negligence, the sum total of the evidence casts the defendant with contributory negligence to the moment of injury. More, we rule that, from the allegations of his petition, the plaintiff has burdened himself with the proof that defendant had the last clear chance and negligently failed to avail itself of it. This additional obligation on the plaintiff, we believe, using the same mode of interpretation of the evidence that all inferences reasonably to be drawn therefrom are to be viewed in the light most favorable to the plaintiff, has been fulfilled.

Be it understood that none of the defendant's allegations (a) showing the plaintiff not to be in passive negligence but to be in active contributory negligence, thereby precluding the plaintiff's recovery, or, alternatively, granting the passive negligence of plaintiff to be proved and, also, granting that the defendant be proved to be contributorily negligent, (b) that the defendant did not have the last clear chance and did all reasonably possible to avoid the injury, enters into the present ruling on this motion for involuntary dismissal.

At this juncture of the case, having to view all facts in the light most favorable to plaintiff, we rule that the evidence is sufficient to sustain the plaintiff's burden of proof to a reasonable certainty.

The present facts are in the progress (momentum) of the case; as in physics, they are a body in motion—the inertia of their motion, not being acted upon by some external force, makes them prevail. They are supposed by their very momentum to reach the intended goal of proof; accordingly, they are interpreted, on a motion like the instant one, directly and inferentially, in their most favorable light.

Accordingly, the motion for involuntary dismissal filed by the defendant is overruled and the case will be tried further from its present status. Judgment will be signed accordingly.