No. 44,156

Pennsylvania National Mutual Casualty Insurance Company, a Corporation, *Appellant*, v. George A. Dennis, *Appellee.*

(408 P. 2d 575)

Opinion filed December 11, 1965.

*Aubrey J. Bradley, Jr.,* of Wichita, argued the cause, and *E. Lael Alkire, Richard B. Clausing, Robert A. Coldsnow* and *Gillard Cohen,* all of Wichita, were with him on the brief for the appellant.

*Benjamin Foster,* of Wichita, argued the cause, and *Kenneth F. Beck,* also of Wichita, was with him on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is an action for damages arising out of an automobile collision at a city intersection. The trial court after hearing the plaintiff's evidence sustained the defendant's motion for judgment on the evidence. Appeal has been duly perfected from this order.

The only question is whether the plaintiff's evidence, viewed together with all inferences reasonably to be drawn therefrom in the light most favorable to the plaintiff, establishes that the plaintiff's insured driver was guilty of contributory negligence as a matter of law.

The plaintiff-appellant in this action, an insurance company, is subrogated to the rights of its insured driver and brings this action in its own name against George A. Dennis, defendant-appellee, who was driving the other automobile involved in the collision. The case was tried to the court without a jury.

Under the new code of civil procedure we are confronted at the outset with the nature of the motion presently before the court.

Under the general heading "Dismissal of actions" K. S. A. 60-241(b) provides in part:

". . . After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all of the evidence. . . ."

We construe the defendant's motion for judgment on the evidence as the equivalent of a motion for involuntary dismissal, based "on the ground that upon the facts and the law the plaintiff has shown no right to relief," embraced within the foregoing language of the statute.

Mindful, that a demurrer directed to the plaintiff's evidence (authorized by the old code of civil procedure) has been abolished under the new code, the question immediately posed is by what rule is the plaintiff's evidence to be considered under a motion for involuntary dismissal.

The last sentence of 60-241(b), *supra*, above quoted, tends to suggest that the trial court is authorized to weigh the evidence to determine the facts.

Commenting on the above quoted section of the new code of civil procedure, Gard in his work on the Kansas Code of Civil Procedure Annotated, section 60-241(b), p. 202, says:

"Instead of demurring to the evidence after it has all been presented in support of a claim, the new rule provides that the defendant may move to dismiss, which is the same thing. He need not stand on his motion but, as was the former practice, he may proceed with his defense and renew his motion at the end of the trial. In any event if the action or claim is dismissed for lack of supporting proof it is a final adjudication on the merits, the same as though the adjudication turned on conflicting evidence and findings resulting from the trial.

The foregoing comment, construing the language in question would suggest that the plaintiff's evidence is to be considered by

the same rules that were previously applied in testing the sufficiency of the plaintiff's evidence on demurrer.

It is noted the provisions of 60-241(*b*), *supra*, are identical to the provisions of Rule No. 41(*b*) of the Federal Rules of Civil Procedure. (28 U. S. C. A., following section 2072.)

Under section 919, entitled "Insufficiency of Evidence," 2B Barron and Holtzoff, Federal Practice and Procedure, appears the following:

"After the plaintiff has presented his evidence at the trial and closed his case, the defendant may move for a dismissal under the express terms of Rule 41(b) 'on the ground that upon the facts and the law the plaintiff has shown no right to relief.' Moreover the rule expressly provides that by making the motion the defendant does not waive his right to offer evidence in the event his motion is denied. A motion for involuntary dismissal at the close of the plaintiff's case takes the place of the old motion for a nonsuit and in a nonjury action somewhat fulfills the function of a motion for a directed verdict in a jury case. . . ." (p. 146.)

Under the Federal decisions, construing Rule No. 41(b), *supra*, of the Federal Rules of Civil Procedure, where a defendant's motion for involuntary dismissal is made after the plaintiff has completed the presentation of his evidence, the motion is held to be the equivalent of a motion for a directed verdict, and the evidence and all reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the plaintiff. (*Federal Deposit Ins. Corporation v. Mason*, 115 F. 2d 548, 551 [3d Cir. 1940]; *Shaw v. Missouri Pac. R. Co.*, 36 F. Supp. 651 [W. D. La. 1941]; *Gunning v. Cooley*, 281 U. S. 90, 74 L. Ed. 720, 50 S. Ct. 231 [see more detailed and informative opinion of same case in Circuit Court of Appeals, 58 App. D. C. 304, 30 F. 2d 467]; *United States v. Russian*, 73 F. 2d 363 [3d Cir. 1934]; and see, *Sano v. Pennsylvania Railroad Company*, 282 F. 2d 936 [3d Cir. 1960]; and *Makowsky v. Povlick*, 262 F. 2d 13 [3d Cir. 1959].)

Upon the foregoing authorities we hold, in a nonjury action where the defendant moves for involuntary dismissal after the plaintiff has completed the presentation of his evidence, the plaintiff's evidence is to be determined by the same rules that are applied in determining a motion for a directed verdict in a jury case.

Under our previous decisions in reviewing the propriety of an order sustaining a motion for a directed verdict—as in the case of a demurrer under the old code—the court is required to resolve all facts and inferences reasonably to be drawn from the evidence

in favor of the party against whom the ruling is sought, and where the evidence is such that reasonable minds could reach different conclusions thereon, the motion must be denied. (*Casement v. Gearhart,* 189 Kan. 442, 445, 370 P. 2d 95; and *Lackey v. Price,* 190 Kan. 648, 657, 378 P. 2d 19.)

Therefore, under the rule to be applied in the instant case, the court in testing the sufficiency of the plaintiff's evidence shall consider all of the plaintiff's evidence as true, shall consider that favorable to the plaintiff, together with all reasonable inferences to be drawn therefrom, and disregard that unfavorable to the plaintiff, and shall not weigh any part that is contradictory, nor weigh any differences between direct and cross examination, and give the evidence of the plaintiff a liberal construction resolving all doubt against the defendant; and if so considered there is any evidence which sustains the plaintiff's claim on any theory, the motion should be overruled.

Turning now to the facts as they must be viewed under the foregoing rule, the evidence established that as Carpenter, plaintiff's insured, was driving his automobile in an easterly direction on Pawnee Street in the city of Wichita on the 10th day of January, 1963, at about 7:30 p. m., he proceeded to make a left turn at the intersection of Pawnee and Mosely Streets. The headlights and windshield wipers on Carpenter's vehicle were on and his left turn signal lights were in use. It was a dark night and light snow or freezing rain was falling. The intersection was lighted by a street lamp.

As Carpenter was making his left turn, his automobile was struck on the right side by the defendant's vehicle which was traveling west on Pawnee Street without its headlights burning.

There were no stop lights or stop signs controlling traffic on Pawnee Street for the movement of traffic in an east-west direction, but there were stop signs controlling traffic entering from Mosely Street onto Pawnee.

After hearing argument of counsel at the close of the plaintiff's evidence on the foregoing motion, and before pronouncing judgment in favor of the defendant, the trial court stated from the bench:

". . . In fact, an automobile without lights can be seen at a lighted intersection and this one was not. We can't just turn on our signal lights and make a left hand turn and say we didn't see a thing as large as an automobile in a lighted intersection that was so close to hit us. It was there to be seen

even if it didn't have lights on. The law says we must look carefully enough to have seen it. We have no conclusion except to say both sides were not exercising due care for their own safety. . . ."

Going further, the court said:

". . . The plaintiff's failure to see this automobile at the lighted intersection was a greater contributing factor to be hit than the fact the other automobile didn't have lights. At least the laws says we have got to look carefully before we proceed to make turns or before we proceed into traffic and anyone looking carefully to see an unlighted vehicle just a few feet away at a lighted intersection—anyone driving carefully could see that. So, under the law of contributory negligence, we don't compare which side may have contributed more. If either side contributes at all to cause the collision, we can't give damages. We have to deny damages to either side and leave the parties to suffer their own damages except as they may be covered by insurance policies."

Counsel for the appellee (defendant below) in their brief simply defend the judgment of the trial court by arguing that where findings of the trial court are supported by competent substantial evidence, they are binding and conclusive on appeal. (Citing, *Nichols Co. v. Meredith,* 192 Kan. 648, 391 P. 2d 136.) Counsel argue the trial court found as a matter of fact, based on the plaintiff's evidence, that it was not safe for the plaintiff to make such a turn.

It is apparent from the foregoing comments of the trial court that it weighed the evidence of the plaintiff and found the defendant's vehicle was clearly visible to Carpenter. It then applied the "physical fact" rule, which states that if a driver does not see that which he could or should have seen, he is guilty of negligence as a matter of law. (*Sullivan v. Johnston,* 164 Kan. 386, 190 P. 2d 417.)

The evidence presented in the record does not disclose the speed at which the defendant's vehicle was approaching the intersection in question, nor does the evidence disclose the visibility of an unlighted vehicle approaching an intersection, where a street lamp in time of darkness reflects upon freezing rain or snow which is falling in the intersection. From Carpenter's position in his automobile at the intersection, viewing the evidence and all inferences reasonably to be drawn therefrom in the light most favorable to the plaintiff, it must be assumed the defendant's vehicle, approaching the intersection at the time in question without its headlights burning, could not be seen by Carpenter before he committed himself to a left turn with his vehicle.

Clearly, one who operates a motor vehicle upon a public highway in the nighttime without its headlights burning is guilty of negligence. This is conceded by the appellee.

Under the facts and circumstances presented by the record in the instant case the applicable rule of law is that the operator of an automobile on a public highway may assume others using the highway will observe the laws of the road, and he is not guilty of contributory negligence in such an assumption, unless and until he has knowledge to the contrary. (*Gibbs v. Mikesell*, 183 Kan. 123, 325 P. 2d 359.) The relationship of this rule and the "physical fact" rule was analyzed and applied in *Sullivan v. Johnston*, supra.

Considering the evidence under the foregoing rules, there was no showing in the instant case upon the record presented that plaintiff's insured, Carpenter, failed to exercise reasonable care in driving his motor vehicle under the existing conditions at the time of the collision. There is no showing that he was unobservant or failed to look for approaching vehicles while going into his left turn, and no showing that he could or should have seen the defendant's oncoming unlighted vehicle.

The order of the lower court is reversed.