**Alba BRANIZZA and Robert Branizza,**
**Appellants,**

v.

**The GREYHOUND CORPORATION,**
**Appellee.**

**No. 24952.**

United States Court of Appeals
Fifth Circuit.

March 26, 1968.

---

I. George Stein, Harry Zeitlan, Aaron J. Jaffe, New York City, for appellants.

Willis H. Flick, James E. Tribble, Blackwell, Walker & Gray, Miami, Fla., for appellee.

Before TUTTLE and GOLDBERG, Circuit Judges, and HOOPER, District Judge.

HOOPER, District Judge:

Appellants, Alba Branizza and Robert Branizza, husband and wife, sued the appellee, The Greyhound Corporation, in the District Court for alleged damages. Parties will be referred to as plaintiffs and defendant as in the court below.

At the conclusion of testimony for plaintiffs the Court on motion of defense counsel, and pursuant to Federal Rule 41 (b) made findings of fact and entered judgment in favor of the defendant.

Plaintiffs' counsel in his brief contends that the Court erred, in that the question of liability depended largely upon circumstantial evidence and that plaintiffs were allegedly entitled to the benefit of all inferences that one might reasonably draw from the circumstances.[1]

The cases cited, however, are not controlling in view of the 1946 amendment to Rule 41(b) which specifically provides that where a case is tried to the court without a jury and the defendant shall move for a dismissal on the ground "that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff." It further provides "if the court render judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a)." The rule further provides "unless the court in its order for dismissal otherwise specifies, a dismissal under this sub-division * * * operates as an adjudication upon

1. Plaintiffs cite Round Rock Independent School District v. First National Insurance Co. of America, 324 F.2d 280, 281 (5th Cir., 1963); which case, however, involved a jury trial; Shaw v. Missouri Pacific R. Co., 36 F.Supp. 651 (D.C., W.D.La.1941); Federal Deposit Insurance Corp. v. Mason, 115 F.2d 548, 551 (3rd Cir., 1940).

the merits." See 5 Moore's Federal Practice, 1113, p. 1145, § 41.13; see also the case of Benton v. Blair, 228 F.2d 55 (5th Cir.)

(1) This Court therefore must decide whether the findings of fact made by the trial judge are clearly erroneous.

The only two eyewitnesses to the collision were the plaintiffs. Mrs. Branizza observed very little, but the following appears from the testimony of her husband.

At about ten o'clock at night he drove his car in an easterly direction along 90th Street in Miami and, pursuant to a stop sign, came to a stop at the west side of Biscayne Boulevard. He looked to his left (the north) and to his right (the south) along the boulevard and seeing no vehicle approaching from the south proceeded to cross the boulevard. His vision to the south, however, only extended a distance of some two hundred feet, where the boulevard made a curve. He proceeded in low gear across the boulevard, then changed to second gear, and when the front end of his car had reached a point approximately even with the east side, the right hand rear of his car was struck by defendant's bus.

Mr. Branizza was thoroughly familiar with the intersection and at the time in question was approaching his hotel, located on the south side of 90th Street some seventy feet east of the boulevard. When struck he had reached a point "over the center line of Biscayne Boulevard" and the distance he traveled "from the time he started up to the time of the impact" he stated to be "about fifty feet" and required "about three seconds" (Tr. 52).

As no witness testified as to the speed of the bus as it rounded the curve and proceeded toward the intersection in question, such speed would have to be inferred primarily from the marks on the pavement made by defendant's bus, and the extent of its impact against the side of plaintiff's car. The finding of the trial judge that the physical circumstances did not show excessive speed is not clearly erroneous and, based upon authorities hereinafter cited, it may be seriously doubted if the circumstances were sufficient to justify a finding of negligence.

A general discussion of this specific question is found in Blashfield's Cyclopedia of Automobile Law and Practice, Vol. 9(c), § 6238, citing many cases to the effect that speed may be established by the opinion of experts (or laymen having more knowledge of that subject than the jury), but only if there exists certain physical facts sufficient to sustain the opinion.[2] Many elements are mentioned by Blashfield and by the decided cases which go to form an adequate basis for such opinion, including perception time, reaction time and stopping time of defendant's vehicle; the kind of cars involved in the accident, the condition of the road at the place where the brakes are applied, the distance traveled after application of the brakes, and the tire marks.

Our research does not disclose a single case ruling that such an opinion may be based on nothing but tire marks and the distance traveled by the vehicle over the length of such marks. In the instant case the bus left marks of about forty-four feet. While plaintiff's vehicle after the impact traveled some ninety feet and went off the highway, it traveled in an easterly direction in which plaintiff was theretofore proceeding. As illustrating the majority rule in such cases we cite Haug v. Grimm, 251 F.2d 523 (8 Cir.) where the court pointed out that the witness stated that he did not know whether

2. Concerning the necessity of proof of facts necessary to sustain opinion evidence see United States Pumice Supply Co. v. Commissioner of Internal Revenue (9 Cir.) 308 F.2d 766, 769; Tripp v. Commissioner of Internal Revenue (7 Cir.) 337 F.2d 432, 434. The admission of such evidence lies in the discretion of the court. Lind v. American Trading & Production Corporation (9 Cir.), 294 F.2d 342. Even if expert opinion based on adequate facts had been given as to speed in this case it was not binding upon the "trier of the facts." See Feguer v. United States (8 Cir.) 302 F.2d 214(4) and the cases therein cited.

the brakes of the car were on at the time the tire marks were made, but he professed to give an opinion as to the speed of the car. The Court stated:

"We think that the foundation for Punton's expert opinion as to the speed of the car at the time of the accident was obviously inadequate and his testimony about braking distances incompetent, since there was no basis for an assumption that Duane Haug had applied the brakes, and nowhere in the record was there any evidence they had been applied before the car came to rest."

In the instant case it does not appear whether the tire marks were made with the brakes set or not.

In the case of Swink v. Colcord, 239 F. 2d 518 (10 Cir.) it was pointed out that an expert may give his opinion as to speed based upon the length of skid marks,

" * * * if there were available factors other than skid marks from which a qualified expert might reliably approximate the speed of the vehicles."

In the case of Woods v. Gettelfinger, et al., 108 F.2d 549 (5 Cir.) the court, referring to the proof of speed by circumstantial evidence stated:

"There is conflict in the authorities as to the admissibility of such evidence."

In the instant case we are only called upon to rule whether the finding of the district judge, based on the circumstances appearing in the record, was erroneous, and we rule without hesitancy that it was not.

■ (2) Plaintiffs contend the Court erred in excluding from evidence a police report by Officer Chester, a witness on the stand, offered for purpose of refreshing the recollection of the officer, who testified that the marks on the pavement made by defendant's bus "were some light burn marks" and were not "heavy skid marks" (Tr. 62). The officer's report displayed to the court reported the marks "as a skid mark". Un-

der the ruling made above the ruling of the court was not prejudicial.

That is further true, however, for the reason that the court sitting without a jury actually learned of the contents of the report and its admission in evidence would have added little if anything to plaintiff's case.

The findings of fact and conclusions of law and judgment rendered are supported by the evidence.

Judgment affirmed.