Luverne **GERMAN**, Appellant
(Plaintiff below),

v.

Jacqueline R. **HOLMES** and Clinton R.
Holmes, Appellees (Defendants below).

No. 3746.

Supreme Court of Wyoming.

Oct. 9, 1969.

Chester S. Jones and Richard S. Dumbrill, Newcastle, for appellant.

Edward E. Murane, of Murane, Bostwick, McDaniel, Scott & Greenlee, Casper, for appellees.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Luverne German, a ranch employee, sued his employers, Clinton R. Holmes and Jacqueline R. Holmes, for personal injuries sustained when he was run over by an automobile driven by Mrs. Holmes.

The case was tried to the district judge without a jury. He found both Mrs. Holmes and German negligent. Judgment was therefore entered for defendants and against plaintiff on the theory that plaintiff was guilty of contributory negligence. German has appealed, and his appeal questions whether there was any substantial evidence of contributory negligence.

We have rather strictly adhered to the view that contributory negligence does not become a question of law except in the clearest case. McDowall v. Walters, Wyo., 360 P.2d 165, 168, rehearing denied 361 P.2d 528; Fitzsimonds v. Cogswell, Wyo., 405 P.2d 785, 786. Also, the rule has been recognized in *McDowall* and in Cimoli v. Greyhound Corporation, Wyo., 372 P.2d 170, 174, that where different inferences of fact may reasonably be drawn, a question of fact is presented for the trier of fact to determine. Such rule appears to be applicable here.

On the Holmes Ranch is a shed with a frontage of approximately 42 feet. It is entirely open in front, toward the courtyard of the ranch buildings. The shed's roof is supported by beams from the ground to the roof rafters, and the beams serve to divide the shed into stalls.

The stall toward the north and closest to the ranch house is about 17 feet wide. On the morning of the accident, it contained a pickup which had been driven forward into the shed, leaving the back of the pickup toward the open front of the

shed. The stall next to the 17-foot stall is about 10 feet wide, and on the morning of the accident it contained the automobile which Mrs. Holmes was starting to drive.

According to the testimony of Mr. Holmes, the Holmes automobile was 18 feet long. It is undisputed that it had been backed into its stall so that the front of the car faced out. The left side of the vehicle was close to the beams on the left, being the beams between the pickup and automobile. According to Mrs. Holmes, the left side of the automobile was about a foot from such beams.

About 70 feet southeast from where the back of the pickup was, there is a gasoline tank. German filled two five-gallon cans of gasoline at this tank and was walking toward the pickup with both of them when struck by Mrs. Holmes. All witnesses in the case, including German, have assumed he walked directly toward the back of the pickup by the shortest route. We find nothing in the record to contradict that theory.

According to a plat received in evidence and accepted by all the parties as accurate, the line accepted as German's route of travel intersects the front of the shed at approximately a 40-degree angle.

It is undisputed that Mrs. Holmes knew what German's chore was—that he was filling gasoline cans which were to be placed in the pickup. Also, German knew what Mrs. Holmes' errand in the automobile was to be. They talked to each other when Mrs. Holmes went to the car. She then started the motor of the automobile and let it run awhile to warm up.

According to the testimony of Mrs. Holmes, the accident happened in this manner: She started the motor of the car and sat there for awhile to let it warm up; she had her left window down and her head out; she was looking back because it was close quarters and she did not want to scrape the fenders on the post as she

came out. Asked by her attorney how long she continued to look to her left rear, she replied: "Until I absolutely cleared that post."

Mrs. Holmes claims, after she cleared the post, she looked forward, shifted into drive and then heard this "awful bang." She thought something was wrong with the car and she checked to make sure she had all the ignitions and everything like they were supposed to be before she stopped. When she stopped, she got out expecting to find that the motor had fallen out.

German claims the left portion of the front bumper struck him on the left leg; that he was knocked toward his right and when he hit the ground he landed on his stomach. It is undisputed that no wheel ran over him.

In addition to the testimony of Mrs. Holmes and German, Mr. Holmes testified concerning the position of German and the gasoline cans when the car was stopped. There was no substantial conflict on that subject. The evidence established that German was found after the accident to be under the car, behind the left front wheel, about the center of the front door. He was lying stretched out more or less on his stomach, with his head toward the rear of the car and his feet toward the front. Holmes related that he grabbed the side of the car and lifted it up while another employee reached under the car and pulled German out. One of the gasoline cans had been pushed forward and to the side, and the other was beneath the car behind the right front wheel of the car.

German admitted on cross-examination that he could have seen the Holmes car at all times while he walked toward the shed, if he had looked. Yet, he testified he last saw the car just before he went in front of it; that he did not see it again until it hit him; and that he did not see the car start to move.

It has been said failure of a person to see that which he could or should see by

looking constitutes negligence as a matter of law. Pennsylvania National Mutual Casualty Insurance Company v. Dennis, 195 Kan. 594, 408 P.2d 575, 579. Not only did plaintiff admit he failed to see the vehicle driven by Mrs. Holmes move forward, but he did not attempt at the trial to offer any excuse or reason for not seeing it.

Mrs. Holmes, on the other hand, testified she visited with German while he was in the hospital following the accident; that she asked where he was and how could the accident have happened. According to Mrs. Holmes, German replied: "Well, Jackie, I think it must have been I had reached down to pick up a funnel at that time, and maybe that is why you didn't see me."

Mrs. Holmes further testified that she wrote a letter for German to a brother of his; that in the letter the same explanation of the accident was made; that the letter was read to German; and that German approved the letter and it was mailed. Plaintiff was well aware that Mrs. Holmes was coming out of the garage. The trier was entitled to believe he should have anticipated he could not safely cross in front of the car.

As to whether German stopped in front of the car to pick up a funnel, the evidence was in conflict. Consequently, the trier was entitled to believe plaintiff did stoop down to pick up the funnel, in disregard of his own safety; and that the crossing and stooping in front of a vehicle ready to come or coming out of the shed were acts of contributory negligence.

■ We, of course, do not pretend to judge the weight of the evidence with respect to the matters we have discussed. We merely say the evidence was sufficiently in conflict so that the question of contributory negligence was one of fact for the trier. We therefore have no alternative but to affirm the findings and judgment of the trial court.

Affirmed.