No. 45,725

VIVIAN WILEY, *Appellant,* v. THE BOARD OF EDUCATION OF THE CITY OF WICHITA OF THE STATE OF KANSAS by and Through Its Successor, UNIFIED SCHOOL DISTRICT NUMBER 259, SEDGWICK COUNTY, STATE OF KANSAS, *Appellee.*

(470 P. 2d 792)

Opinion filed June 13, 1970.

*Harold H. Malone,* of Wichita, argued the cause, and *Hal B. Malone,* of Wichita, was with him on the briefs for the appellant.

*J. Ashford Manka,* of Adams, Jones, Robinson and Manka, of Wichita, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: Plaintiff-appellant, a teacher, brought this action against her former employer, the defendant-appellee school district, to recover damages for breach of a contract of employment.

The issue concerns plaintiff's termination of employment which she claims was forced by defendant's adoption of a new retirement policy alleged to be contrary to state law and thus null and void.

Defendant district claims plaintiff's retirement was voluntary;

that its retirement policy conformed with state law; and further that plaintiff by her acts, conduct and failure to pursue available administrative remedies was estopped and barred from maintaining any claim against defendant.

The trial was to the court. At the conclusion of plaintiff's evidence, which consisted of her testimony and a number of exhibits, the trial court sustained, at the instance of defendant, what was entitled a "Motion for Directed Verdict." Notwithstanding the title, the motion was based on the grounds set forth in K. S. A. 60-241 (*b*) for involuntary dismissal. The trial court ruled plaintiff's retirement was voluntary, and thus the question whether defendant's retirement policy contravened the provisions of the Tenure of Instructors Act (K. S. A. 72-5401-72-5409, [72-5401, 72-5403 and 72-5406 now 1969 Supp.]) as claimed by plaintiff became immaterial.

The controlling issue on appeal is whether the trial court's findings are supported by substantial evidence. In making this determination we are required to consider the evidence in its most favorable aspect in relation to the party who prevailed in the court below. (*Riedel v. Gage Plumbing & Heating Co.*, 202 Kan. 538, 449 P. 2d 521; and *Frame, Administrator v. Bauman*, 202 Kan. 461, 449 P. 2d 525.)

There is very little dispute about the facts, which were developed by stipulation of the parties at the pretrial conference and the testimony of the plaintiff at the trial.

Plaintiff was a career teacher having taught for more than thirty-five years. She had tenure as defined in 72-5401, *et seq.*, supra. She was also a covered employee under the State System for Retirement and Payment of Annuities Act (K. S. A. 72-5501, *et seq.*, now 1969 Supp.) and the Wichita School Employees Supplemental Retirement System (K. S. A. 72-17,108, now 1969 Supp.).

On April 1, 1965, plaintiff entered into a contract with the Wichita Board of Education, predecessor of defendant herein. Under the terms of the contract plaintiff was employed as an instructor at an annual salary of $10,320.00 for a term commencing August 1, 1965, and ending June 17, 1966.

For several years plaintiff had served as principal of Brookside Elementary School and continued in that position during the 1965-1966 school year.

On January 4, 1965, defendant adopted its Retirement Policy No. 4145, under the provisions of which plaintiff, who became sixty-eight years of age on November 4, 1965, was subject to retirement.

The retirement policy, in the case of employees subject to retirement on account of age, afforded the opportunity for continued employment by mutual agreement between the employee and school district on a year to year basis, but not beyond September 1 of the school year in which the employee attained the age of seventy.

As a school principal, plaintiff regularly received copies of the minutes of the Board of Education meetings, but she did not remember reading the minutes of January 4, 1965, meeting. She did recall receiving notice of the adoption of the retirement policy which was mailed to all school employees on May 11, 1965. Plaintiff made no complaint to any board member or administrative officer of defendant concerning the adoption of the retirement policy.

In the summer of 1965, plaintiff investigated an opportunity for employment with the Peace Corps. In this regard, on October 14, 1965, plaintiff wrote to Dr. Alvin E. Morris, Deputy Superintendent of Schools, as follows:

"October 14, 1965

"Dr. Alvin E. Morris
"Deputy Supt. of Schools
"428 S. Broadway
"Wichita, Kansas
"Dear Dr. Morris:

"I have been looking into opportunities for service in the Peace Corps and have been so bold as to use your name as reference.

"This interest is merely exploratory and I would hope that this might be confidential.

"Please accept my thanks for your many courtesies,

"Very truly,

"cc: Mr. Colvin—I used your name as reference also. Hope this is all right.
"V. B. W."

The Mr. Colvin referred to was Assistant Superintendent in charge of personnel. When this letter was written, plaintiff had not received notice that she would be subject to retirement the following year.

On December 1, 1965, plaintiff, as well as other employees over sixty-seven years of age, received a notice informing her she was subject to retirement on September 1, 1966. A form for a request for reemployment for the 1966-1967 school year was enclosed with the notice. Plaintiff signed and returned the request for consideration for reemployment.

Prior to any action by defendant on her request for reemployment, plaintiff on January 31, 1966, wrote to Dr. Morris withdrawing her request for reemployment and announcing her intention to retire at the end of the school year. The body of the letter reads:

"Dr. Alvin E. Morris
"Deputy Supt. of Schools
"428 S. Broadway
"Wichita, Kansas 67202
"Dear Dr. Morris:

"At the time I applied for a year's extention at Brookside, I had not been able to check very accurately on my years of service in Kansas. Recently, the retirement clerk and I have been able to make some corrections and I find it would be advantageous for me to retire this year.

"Besides the above problem, I had not yet taken my physicals for the Peace Corps. These were completed last week. I am fortunate indeed to have such excellent health. Now, it looks as if I will be able to start training next July or August. I am very enthusiastic about this and want to do this *now* while I can really enjoy the experience and be able to make a worthwhile contribution. Therefore, I would like to retire at the end of this school year.

"Many thanks for your kindness and patience. I hope this change in my plans will cause no embarrassment to anyone.

"I would have liked very much to have been a part of the change, if any, in the Plainview schools. However, I know that I am not indispensible. I have enjoyed the years I have spent in the schools and hope I have been able to leave a part of myself in them. I have learned to love the people in this area and have suffered with many of them.

"Respectfully,
"Vivian B. Wiley."

On March 4, 1966, plaintiff's intention to retire was acknowledged by defendant in the form of a letter signed by the Assistant Superintendent in charge of personnel.

At its regular meeting on March 7, 1966, the board of defendant district formally accepted plaintiff's notice of retirement. The records of the board's action shows that plaintiff was terminated effective July 29, 1965. The reason was shown as "retiring."

The evidence shows that plaintiff proceeded with her retirement plans by selling her residence in Wichita, by applying for benefits associated with her employment as a teacher and for benefits under the Social Security Laws. In June of 1966 she enrolled at Princeton University in a training course for Peace Corps employment.

According to her testimony, plaintiff was unable to accept an assignment with the Peace Corps and in August 1966 applied for and received employment as a sorority housemother at the University of Florida.

In April of 1966 a story appeared in a Wichita newspaper relating an interview with plaintiff concerning her retirement as a teacher and prospective Peace Corps assignment. In a letter, dated April 19, 1966, Dr. Lawrence H. Shepoiser, Superintendent of Schools of defendant district, referred to the news article, complimented plaintiff and thanked her for her many years of service as a teacher and principal.

Following her letter of January 31, 1966, in which she announced her intention to retire, plaintiff did nothing inconsistent with her declared intention until she filed this lawsuit on October 20, 1967.

After hearing the evidence, which we have summarized, the trial court ruled:

"Gentlemen, aside from the validity or invalidity of the adopted policy of 1965 on the part of the Board of Education, certain facts are extremely compelling as far as the Court is concerned.

"The plaintiff was given the option of accepting her retirement or of making application for re-employment for the succeeding school year. This she chose to do. And while this application is pending, with no action having been taken on it whatsoever, she does write this letter. And in the letter, I have read it very, very carefully here, she refers to the advantage to herself in taking her retirement at this time, after having checked with the Retirement Clerk in making some corrections in the records. She enthuses about her work with the Peace Corps. She says, quoting directly now: 'I am very enthusiastic about this and want to do this now' with 'now' underlined, 'while I can really enjoy the experience and be able to make a worthwhile contribution. Therefore, I would like to retire at the end of this school year,' and in the next paragraph she refers to her change in plans. She says, 'I hope this change of plans will cause no embarrassment to anyone.'

"Thereafter she made no request for re-employment, but considering the plaintiff's evidence in its best light, the Court can only conclude that the retirement was voluntary under the evidence that I have before me.

"I am going to sustain the motion for a directed verdict in favor of the defendant."

The intention which appears from a reasonable interpretation of plaintiff's letter of January 31, 1966, corroborated by the evidence of her subsequent acts and conduct, is clearly sufficient to support the trial court's finding that plaintiff's retirement was voluntary.

The function and duty of the trial court in considering motions for dismissal under the provisions of K. S. A. 60-241 (b) of the new code of civil procedure were considered in *Mackey-Woodard, Inc. v. Citizens State Bank,* 197 Kan. 536, 419 P. 2d 847, wherein our previous construction of the statute in *Pennsylvania National Mutual Cas. Co. v. Dennis,* 195 Kan. 594, 408 P. 2d 575, was over-

ruled in order to conform with the 1946 amendment to the parallel federal rule. (28 U. S. C. A., Federal Rules of Civil Procedure, Rule No. 41 [*b*], Trials, p. 334.) In *Mackey-Woodard, Inc. v. Citizens State Bank*, supra, we held the proper construction of K. S. A. 60-241 (*b*) to be:

"Where the defendant in an action tried to the court without a jury moves for involuntary dismissal of the action at the close of the plaintiff's case pursuant to the provisions of K. S. A. 60-241 (*b*), based on the ground that upon the facts and the law the plaintiff has shown no right to relief, the trial judge has the power to weigh and evaluate the evidence in the same manner as if he were adjudicating the case on the merits and making findings of fact at the conclusion of the entire case, overruling *Pennsylvania National Mutual Cas. Co. v. Dennis*, 195 Kan. 594, 408 P. 2d 575." (Syl. ¶ 7.)

In *Waterstradt v. Board of Commissioners*, 203 Kan. 317, 454 P. 2d 445, the trial court, as in the instant case, made findings of fact and sustained defendant's motion to dismiss. The construction of 60-241 (*b*), supra, announced in *Mackey-Woodard, Inc. v. Citizens State Bank*, supra, was restated and adhered to.

The declared intention in plaintiff's letter and her many acts in carrying out that intention were before the trial court when the defendant's motion was presented. The thrust of plaintiff's contention on appeal is that we should reweigh those facts in the light of any conflict or inconsistency shown in the evidence. This is beyond our scope of review, which is simply to ascertain whether the trial court's findings are supported by substantial competent evidence. As previously pointed out, in making this determination, we are required to consider the evidence in the light most favorable to the party who prevailed below. (*Frame, Administrator v. Bauman*, supra.)

Plaintiff argued before the trial court and now on appeal that her retirement was not voluntary but coerced by reason of defendant's retirement policy which is claimed to be in violation of the tenure law (72-5401, *supra*, and K. S. A. 72-5412, now 1969 Supp.).

In making its decision the trial court stated that it had considered plaintiff's evidence in its best light. In other words, any suggestion from the evidence that plaintiff's retirement was coerced by reason of defendant's retirement policy, viewed in its best light, was, nevertheless, overcome by the persuasive evidence of plaintiff's letter of January 31, 1966, and her many acts and conduct indicating voluntary retirement.

Plaintiff's letter of October 14, 1965, indicates that she was considering Peace Corps assignment prior to the notice that she was

subject to retirement received on December 1, 1965. Even though plaintiff requested consideration for employment during the 1966-1967 school year, the request was clearly withdrawn by the terms of her letter of January 31, 1966. She received defendant's acknowledgment of her intention to retire on March 4, 1966, and on March 7, 1966, defendant took formal action on her notice of retirement. Plaintiff took no exception to these matters but conducted herself in a manner wholly consistent with her declared intention to retire.

Even though, as plaintiff claims, there was some evidence which might support her theory, the trial court had the authority and duty to weigh and evaluate the evidence under *Waterstradt v. Board of Commissioners,* supra. Since there is substantial competent evidence to support the trial court's findings they cannot be disturbed on appeal.

Since plaintiff's retirement was voluntary any issue concerning the invalidity of defendant's retirement policy is immaterial.

The judgment is affirmed.