No. 45,864

In the Matter of the Estate of James Lloyd Ewers; ERMON F. ALBAUGH and NADINE KIDWELL, *Appellants*, v. JOHN BRIMER, Administrator c. t. a., *Appellee.*

(481 P. 2d 970)

Opinion filed March 6, 1971.

*Tom Harley,* of Harley and Grist, of Wichita, argued the cause and was on the brief for the appellants.

*John W. Brimer,* of Higgins and Brimer, of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This appeal stems from a controversy over the validity of a deed conveying real estate to a husband and wife as joint tenants.

The appellant, Ermon F. Albaugh, is the son, and the appellant, Nadine Kidwell, is the daughter of a deceased son of Ina M. Ewers, deceased wife of the decedent, James Lloyd Ewers. Ina M. Ewers and James Lloyd Ewers were married in 1942, both having been previously married and both having children by their prior marriages.

At the date of the marriage of Ina M. Ewers and James Lloyd Ewers, Ina was the owner of the real estate commonly known as 1023 Ellis, Wichita, Kansas. In August, 1944, Ina sold the property and purchased the real estate known as 3851 South Broadway, Wichita, Kansas, and took title thereto in the name of Ina M. Ewers. In July of 1945, she sold the Broadway property and on the 11th day of August, 1945, she purchased 80 acres of land in Butler County, Kansas, and took title thereto in the name of Ina M. Ewers. In June of 1947, she sold the Butler County land and purchased the property commonly known as 3711 Porter, Wichita, Kansas, and took title thereto in the name of Ina M. Ewers. In August of 1949, she sold the Porter Street property and on September 3, 1949, she purchased the property known as 931 West 51st Street, Wichita, Kansas, and took title thereto in the name of Ina M. Ewers. On the 1st day of April, 1961, the West 51st Street property was sold and the proceeds of said sale were used to purchase the property in question, the title thereto being taken in the names of J. L. Ewers and Ina M. Ewers, husband and wife, as joint tenants with the right of survivorship.

James Lloyd Ewers had executed his Last Will and Testament on May 23, 1944, wherein he bequeathed to his wife, Ina, the sum of $1,000.00, and the rest and residue of his estate was bequeathed to his children of the former marriage.

On the 8th day of April, 1953, Ina M. Ewers executed her Last Will and Testament wherein, after making a couple of small bequests, bequeathed to her husband, James Lloyd Ewers, a one-third interest in the rest and residue of her estate if he survived her.

Ina M. Ewers died on the 2nd of February, 1965. She would have been 85 years of age the following June. No attempt was made to probate her will.

James Lloyd Ewers continued to reside in the property in dispute until his death July 20, 1966. His will was admitted to probate October 25, 1966.

The claim from which this appeal stems was not filed until

April 3, 1967. This was more than two years following the death of Ina M. Ewers. The claim charges generally—

"That the title to the aforedescribed property [homestead in question] is now in the name of the above named decedent as a result of the incompetency of Ina M. Ewers and the violation of the confidential relationship that existed between the above named decedent and Ina M. Ewers and fraud on behalf of the above named decedent.

"WHEREFORE, petitioners pray that the deed to the last above described real estate be set aside and held for naught and that the interest of Ina M. Ewers therein be distributed to this petitioner, her son, and Nadine Kidwell, her granddaughter, share and share alike, together with any and all further relief that the Court deems just and equitable."

The claim was transferred to the district court for hearing and determination. At the close of claimants' evidence the administrator filed a motion for judgment of dismissal on the ground that claimants had shown no right to relief.

The trial court took the motion under advisement and made findings of fact and conclusions of law. In addition to the above stated facts, the trial court found:

"Thereafter, on February 2, 1965 Ina M. Ewers died, being survived by James Lloyd Ewers, her husband, a grantee in the aforementioned joint tenancy deed and the entire ownership thereof devolved upon the said James Lloyd Ewers by operation of law as the result of the joint tenancy relationship of the parties.

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"Prior to April 1, 1961 and continuing from said date and until her death, the said Ina M. Ewers was in poor health. She was 84 years of age at the time of her death and her mental capacity had deteriorated to the extent that she was often incapable of handling ordinary household details. She had become very forgetful, was highly emotional and cried quite often. A doctor who attended her prior to April 1, 1961 and for some time thereafter testified that she was incompetent, in his opinion, to transact business affairs, but also testified that at times she was better than at other times.

"Petitioners evidence failed to show or establish a fiduciary relationship or the creation of a constructive trust. Petitioners failed to show that decedent, James Lloyd Ewers ever suggested that he be made a grantee under the deed of the real estate or that he attempted to exert any influence to that end, or that he was in fact a domineering person in the habit of exerting influence on his wife.

"There was no evidence to the effect that James Lloyd Ewers 'had his name put on the deed' except the naked legal conclusion of witnesses who failed to cite any instances, conversation or circumstances which might have justified such a conclusion.

"Ina M. Ewers had sufficient mental capacity that she could have, in lucid moments of sufficient duration, understood the effect and nature of a joint

tenancy deed and to have preferred that the deed taken by the parties be drawn in that manner.

"The taking of the real property on April 5, 1961 in the names of both parties as joint tenancy was reasonable and perhaps desirable under all the existing facts and circumstances at the time of said transaction.

### "Conclusions of Law

"Claimants have failed to make a sufficient evidentuary showing to justify the court in finding the existence of a fiduciary relationship necessary to overcome the legal result of the operation of the joint tenancy deed existing at the time of the death of Ina M. Ewers.

"Petitioners have failed to carry the burden of proof necessary to establish their claim and it is denied."

Judgment was rendered in harmony with the findings and conclusions and the claimants have appealed.

Appellants first contend that in considering a motion for voluntary dismissal under the provisions of K. S. A. 60-241 (*b*) the court does not weigh conflicting evidence but accepts all of plaintiffs' evidence as true together with all reasonable inferences to be drawn therefrom. The provisions of K. S. A. 60-241 (*b*) insofar as material here read:

". . . After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. *In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all of the evidence.* If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in section 60-252 (*a*). . . ." (Emphasis supplied.)

The appellants cite *Pennsylvania National Mutual Cas. Co. v. Dennis,* 195 Kan. 594, 408 P. 2d 575, in support of their contention. The language did support appellants' position. However, the *Dennis* case was overruled in *Mackey-Woodard, Inc. v. Citizens State Bank,* 197 Kan. 536, 419 P. 2d 847, where it was held in paragraph 7 of the syllabus:

"Where the defendant in an action tried to the court without a jury moves for involuntary dismissal of the action at the close of the plaintiff's case pursuant to the provisions of K. S. A. 60-241 (*b*), based on the ground that upon the facts and the law the plaintiff has shown no right to relief, the trial·judge has the power to weigh and evaluate the evidence in the same manner as if he were adjudicating the case on the merits and making findings of fact at the conclusion of the entire case, overruling *Pennsylvania National Mutual Cas. Co. v. Dennis,* 195 Kan. 594, 408 P. 2d 575."

Appellants also cite *Casey v. Phillips Pipeline Co.*, 199 Kan. 538, 431 P. 2d 518. The *Casey* case was tried to a jury and a different rule applies than where a case is tried to the court. Our later expressions on this matter will be found in *Waterstradt v. Board of Commissioners*, 203 Kan. 317, 454 P. 2d 445; *Razey v. Unified School District*, 205 Kan. 551, 470 P. 2d 809; *Wiley v. Board of Education*, 205 Kan. 585, 470 P. 2d 792.

The appellants next contend that a husband enjoys a confidential relationship with his wife raising a presumption that a gift or voluntary conveyance from the wife to the husband was brought about by undue influence and the burden is upon the husband to show that the transaction was fairly conducted and not tainted by undue influence.

We have applied such a rule, as to presumption and burden of proof, where a fiduciary or confidential relationship existed between a grantor and a grantee. However, we have never applied the rule to a transaction simply because of the husband and wife relationship.

In *Stanley v. Stanley*, 131 Kan. 71, 289 Pac. 406, we stated:

". . . So far as concerns the deed to Virginia, there was nothing about this case which required her to justify the gift on the theory of a fiduciary relationship. It would indeed be a hard rule to hold that when a man in failing health and weighted with years conveys the title to his home or home farm to the woman who has been his faithful wife for forty years that the law will impose a burden on her to show that the conveyance was not effected by any improper act or conduct on her part, but was the voluntary and unconstrained act of her husband." (p. 75.)

We also believe that it would be a harsh rule to place such a burden upon a man who has been a faithful husband for over twenty years.

We have also stated in *Hudson, Administrator v. Tucker*, 188 Kan. 202, 361 P. 2d 878, at page 212 as follows:

". . . Where the relationship of the parties is such that the donee has a natural claim on the generosity of the donor, the courts look with favor on the claim of gift and, generally speaking, less evidence is required to support a gift to a close relative than would be necessary to sustain one to a stranger. The rule favoring claims of gifts to persons having a natural call on the generosity of the donor finds frequent application where gifts are made by a parent to a child.

We see no reason why the same rule should not be applied to a husband and wife where a satisfactory marriage has existed for a period of twenty years.

We do not believe that, under modern conditions, the relationship of husband and wife would be enhanced by placing a presumption of undue influence on every transaction between them and require independent advice to support the validity of such a transaction.

We do not mean to infer that there cannot be a breach of the relationship between husband and wife and undue influence exerted. Whether or not a fiduciary relationship exists and whether or not it has been abused depends upon the facts and circumstances of each particular case. In *Wilkinson v. Cummings*, 194 Kan. 609, 400 P. 2d 729, we quoted with approval from a previous case as follows:

" 'Whether or not a fiduciary relationship exists and whether or not it has been abused does, to a great extent, depend on the particular facts and circumstances of each individual case. This court has refused, for that reason, to give exact definitions or fix definite boundaries for that class of human relations commonly known as fiduciary which, based on principles of common honesty, require fair dealing between parties.' . . ." (p. 612. See, also, *Cersovsky v. Cersovsky,* 201 Kan. 463, 441 P. 2d 829.)

The trial court found there was no evidence that James Lloyd Ewers ever suggested that he be made a grantee under the deed—the deed was executed by a third party, not Ina M. Ewers—or that he attempted to exert any influence toward that end. The trial court also found that there was no evidence that James Lloyd Ewers had his name put on the deed.

A careful examination discloses no basis for challenging the trial court's findings.

We are forced to conclude that under the facts and the law that the appellants have shown no right to relief, and the motion for an involuntary dismissal was properly sustained.

The judgment is affirmed.

APPROVED BY THE COURT.