No. 46,093

THERESA M. BURKS and KENNETH L. BURKS, *Appellants*, v. JOHN P. WHALEN, and MANUFACTURERS AND WHOLESALERS INDEMNITY EXCHANGE, a Corporation, *Appellees*.

(491 P. 2d 940)

Opinion filed December 11, 1971.

*Ronald D. Heck*, of Michaud and Cranmer, Wichita, argued the cause, and *Orval L. Fisher* and *M. William Syrios*, of the same firm, were with him on the brief for the appellants.

*Richard I. Stephenson*, of Fleeson, Gooing, Coulson and Kitch, Wichita, argued the cause, and *John E. Rees*, of the same firm, was with him on the brief for the appellee, Manufacturers and Wholesalers Indemnity Exchange.

The opinion of the court was delivered by

FOTH, C.: The issue presented to the trial court was whether the driver of a truck was using it with the implied permission of his employer at the time he was involved in a collision, so as to bring his use of the truck within the coverage of the "omnibus clause" of the employer's liability insurance policy.

The suit originated as one against both John P. Whalen and Field Queen, Inc., his employer and owner of the truck, for damages sustained by plaintiffs as a result of the collision. On motion for summary judgment it was determined that Whalen's operation of the truck at the time of the collision was not in the course of his em-

ployment, and his employer Field Queen was dismissed as a party defendant. No question is raised as to the propriety of that ruling.

The original suit proceeded to trial against Whalen alone, and resulted in judgments for plaintiffs aggregating $2480.81. They thereupon instituted the instant garnishment proceedings against Manufacturers and Wholesalers Indemnity Exchange, the appellee, which was Field Queen's liability insurance carrier. Manufacturers answered the order of garnishment by generally denying any indebtedness or liability to Whalen. Plaintiffs put the present matter in issue by filing replies to these answers, alleging the issuance of the liability policy to Field Queen and asserting that Whalen was an "insured" under the omnibus clause of the policy in that he was driving the truck with the permission of Field Queen at the time of the collision.

The omnibus clause was in a common form, extending the policy's coverage to Field Queen as the named insured and also to "any person while using an owned automobile . . . provided the actual use of the automobile is by the named insured *or with [its] permission.*" (Italics added.)

The issue of coverage thus joined was tried to the court, as provided by K. S. A. 60-718 (as amended). The permission claimed was implied permission, not express. Plaintiffs, having the statutory burden of proof introduced their evidence and rested; Farmers moved "for a directed verdict based on plaintiffs' evidence, or, in the alternative, for an order of involuntary dismissal." The motion was sustained, and plaintiffs appeal.

In their statement of points plaintiffs' sole claim is:

"The trial court erred in dismissing the garnishment proceeding at the conclusion of the evidence presented by the plaintiffs where such evidence, *construed in a light most favorable to the plaintiffs, made a prima facie. case* to establish that defendant Whalen had implied permission to use the insured vehicle at the time of the accident." (Emphasis added.)

The emphasized language demonstrates, we think, a basic misconception of the function of the trial court in ruling on a motion for involuntary dismissal under K. S. A. 60-241 (*b*), leading to a similar misconception of our role on appellate review of such a ruling.

In *Mackey-Woodard, Inc. v. Citizens State Bank,* 197 Kan. 536, 419 P. 2d 847, we definitively determined that in ruling on such a motion the trial court, sitting without a jury, is entitled to weigh

the plaintiff's evidence as if he were adjudicating the case on the merits. In so holding we expressly overruled *Pennsylvania National Mutual Cas. Co. v. Dennis,* 195 Kan. 594, 408 P. 2d 575. See also, *In re Estate of Ewers,* 206 Kan. 623, Syl. ¶ 1, 481 P. 2d 970. *Mackey-Woodard* was followed by *Waterstradt v. Board of Commissioners,* 203 Kan. 317, 454 P. 2d 445, where we summarily disposed of a contention that the trial court was required to overrule such a motion because, on some reasonable inferences to be drawn from plaintiff's evidence, a prima facie case for relief was made. Most lately, in *Wiley v. Board of Education,* 205 Kan. 585, 470 P. 2d 792, we followed this line of reasoning to its ineluctable conclusion that on appellate review our search is only for "substantial evidence" to support the trial court's findings, and that in examining the findings for that limited purpose we must view the evidence in the light most favorable to the party prevailing below. In short, we look at these findings of fact in the same manner we do any other findings of a fact-finding tribunal.

On the motion the court below made the following oral findings, later incorporated in substance in the journal entry:

"—that there was no express permission of use of the pickup truck in question by John P. Whalen, employee of Field Queen, Inc.

"Second, that as a matter of law, the facts and circumstances as revealed by evidence of the plaintiff does not constitute implied permission on the part of John P. Whalen, and as a result thereof there is no coverage under the omnibus provision of the insurance policy."

The second is the crucial and only disputed finding. It seems to us that implied permission is a question of ultimate fact. Like negligence, it becomes a question of law only when reasonable minds could not reach different conclusions. We think this is the sense in which trial court found that "as a matter of law" the facts and circumstances did not constitute implied permission—no implication of permission was *compelled* by the evidence. Our chore, then, is to determine whether there was substantial evidence which, given the benefit of all reasonable inferences, would support the trial court's finding of "no implied permission."

The only evidence introduced on the trial of the garnishee's liability was the testimony of Whalen. His testimony supporting the trial court's conclusion was:

(*a*) The collision occurred on a Sunday, when he was using the truck to arrange a "coming home" party for his son.

( *b* ) This use had no connection with his employer's business, but was purely personal.

( *c* ) While he had used the truck before for personal business, he had never done so without express permission.

( *d* ) On the day of the collision he had tried twice to obtain permission by telephone. When he was unable to reach his supervisor he felt it necessary to leave a note that he had taken the truck, even though it was not a business day.

( *e* ) Other employees had used the truck for personal business without express permission, but he was reluctant to name such employees because he was afraid they would be fired if their employer were to find out about such use.

This evidence, in our view, amply justifies the finding of the trial court that the pattern of prior conduct did not show implied consent. Certainly we cannot say it compelled the contrary finding.

The view we take of the case renders unnecessary a discussion of the trichotomy of views now extant concerning the extent to which deviation from the purpose for which express permission is granted must go before reaching the outer bounds of implied permission. See, *e. g.* anno., 5 A. L. R. 2d 600, 622. It similarly renders unnecessary a recitation of that portion of Whalen's testimony from which the trial court might have inferred that implied permission did exist.

In holding as we do we have not ignored and do not necessarily disagree with those authorities which hold that a prior course of conduct between employer and employee may indicate such acquiescence on the part of the employer as to amount to implied permission. Compare *Gibbs v. Central Surety & Ins. Corp.,* 163 Kan. 252, 181 P. 2d 498, with *National Farmers Union Property & Cas. Co. v. Farm Bureau Mutual Ins. Co.,* 194 Kan. 93, 397 P. 2d 81. The closest factual case cited to us by plaintiffs is *Turner v. Great American Insurance Company,* 424 F. 2d 694 (6th Cir. 1970), where the court held summary judgment against implied permission was improper in the face of evidence of invariable grants of express permission. Varying circumstances might lead to varying conclusions, the court held, but whether the particular circumstances there showed "implied consent" was a *question of fact* to be determined by the trier of fact, not a question of law to be determined by the

court on summary judgment. The circumstances here were found, as a matter of fact and by the trier of fact, *not* to show implied consent.

The judgment is affirmed.

APPROVED BY THE COURT.

O'CONNOR and PRAGER, JJ., not participating.